Bigelow vs. Danielson.

BIGELOW, by guardian *ad litem*, Respondent, vs. DANIELSON, Appellant.

*February 27 — March 14, 1899.*

*Master and servant: Personal injuries: Negligence: Special verdict: Instructions to jury: Proximate cause: Contributory negligence.*

1. Questions submitted for a special verdict should be such that the jury will determine the substantial issuable facts and not the conclusions to be derived therefrom; and the refusal to submit such questions when requested is error, if in lieu thereof the court submits only a question calling for a conclusion, the answer to which leaves the party unadvised as to the real facts upon which the jury's conclusion is based. So *held* in an action for personal injuries where an employer's neglect of several distinct duties to his employee was in issue and the court submitted only the general question, Was the injury proximately caused by defendant's negligence?

2. An instruction in such a case that "proximate cause means the nearest cause; direct or immediate cause, in contradistinction to the indirect or remote cause," is erroneous.

3. An intelligent boy, fifteen years old, familiar with the operation of a machine of which he had charge in a pulp mill, with nothing to distract his attention, in attempting to straighten a wrinkle in a strip of felt running between rollers grasped the felt so near to the rollers that they caught and crushed his fingers. *Held*, that the danger was obvious and the boy guilty of contributory negligence.

4. A question in the special verdict, "Was the want of ordinary care and prudence on the part of the plaintiff the proximate cause of his injury?" was objectionable, the real inquiry being, Did such want of ordinary care and prudence *contribute* to produce the injury?

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed*.

Action for personal injuries alleged to have been caused by defendant's negligence. Plaintiff was a minor, a little less than fifteen years of age. At the time of his injury he was employed to work in defendant's pulp mill. His duties were "skinning the roll" of pulp on a wet machine. The machine consisted of a series of eight wood and iron rolls besides the cylinder and crusher, between which ran an endless strip of wool felt, and upon which the pulp was collected. When the pulp became of the requisite thickness, it was his duty to remove the same in sheets, which he did by the use of a stick provided for that purpose. It was also his duty to see that the felt ran over the rolls properly, which was done by the adjustment of a guide roll. At times the felt would become wrinkled in places, and it became necessary to straighten it, taking hold and pulling with the hands. On the day of the accident the felt on this machine became somewhat wrinkled, and plaintiff stepped to a point where the felt feeds between the press rolls, and attempted to straighten it. In so doing he allowed the fingers of his left hand to be drawn between the rolls. The third and fourth fingers and a portion of the second were so crushed that they had to be taken off. The negligence complained of was that the plaintiff was inexperienced, and had not

been informed as to the danger attending his work; that
the felt was worn and unfit for use; that the floor of the
mill was slippery and icy; that there was a lack of cross-
pieces over the felt to prevent the hands from entering the
press rolls; and that he was left in charge of the machine
night and day, so that he could not secure needed rest. The
defendant denied negligence, and alleged that plaintiff, when
injured, was at a place where it was unnecessary and im-
proper for him to be, and that his accident was the result of
his own carelessness.

A special verdict, with answers found by the jury, is as
follows: "(1) Was the injury to plaintiff proximately caused
by the defendant's negligence? *A.* Yes. (2) Was the dan-
ger apparent to a person of the age, experience, and under-
standing of the plaintiff? *A.* No. (3) Ought the plaintiff,
in the exercise of ordinary care and prudence, to have com-
prehended and appreciated the risk and dangers incident to
taking hold of the felt at the place and in the position where
he did? *A.* No. (4) Was the want of ordinary care and
prudence on the part of the plaintiff the proximate cause of
his injury? *A.* No. (5) If the court shall be of the opin-
ion that the plaintiff is entitled to recover, at what sum do
you assess the plaintiff's damages? *A.* $500.00." A judg-
ment was entered for plaintiff, from which this appeal is
taken.

*J. C. Kerwin,* for the appellant.

For the respondent the cause was submitted on the brief
of *Cate, Sanborn, Lamoreux & Park.*

BARDEEN, J. An inspection of the complaint shows that
the issuable facts as to defendant's neglect may be stated as
follows: That plaintiff was inexperienced as to his duties,
and that defendant failed and neglected to instruct or inform
him as to the dangers pertaining to his work; that defend-
ant neglected to furnish sufficient help to operate his pulp

mill; that defendant failed to furnish the plaintiff a safe place to work, but allowed the floor of the mill to become covered with ice, so that it was slippery and unsafe; and that the felt upon which the pulp was gathered was worn and unfit for use. These allegations of negligence were put in issue by the defendant's answer, and covered the substantial, issuable facts concerning which proof was offered. When a special verdict was demanded, it became the duty of the court to submit these matters to the jury in such form that they might determine the *facts* so presented, and not the conclusions to be derived therefrom. "A special verdict is that by which the jury find the facts only, leaving the judgment to the court." Stats. 1898, secs. 2857, 2858; *Andrews v. C., M. & St. P. R. Co.* 96 Wis. 348. Too much emphasis cannot be laid upon this requirement. We are not concerned in the policy of the law which allows a special verdict. It is sufficient for our purpose that the law is so written, and it becomes our duty to see that it is carried out by trial judges in accordance with its true spirit and purpose. This court has had occasion, very recently, to criticise and condemn a verdict similar to the one submitted in this case. *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352. It was there said that it amounted to little more than submitting a general verdict in sections, a practice not at all in conformity to legal requirements. The true office of a special verdict is to single out the issuable facts of the case upon which the defendant's obligation rests. The questions should be so framed as to present, in as clear and sharp a way as possible, the real issues concerning which proof is offered, so that, when determined by the jury, the court may apply the law and render judgment accordingly. In this case, instead of directing the jury's attention, by proper questions, to the contested questions of negligence, the court submits an omnibus conclusion, the answer to which leaves the defendant unadvised as to the real fact of negligence upon which the jury's conclu-

sion is based. We do not desire to be understood as holding that the submission of a question of this kind would be error if no other questions were requested, but, where proper questions are requested and refused, we hold such refusal to be error. Trial courts are not always to blame for the imperfections of special verdicts. The practice by attorneys of submitting a long list of questions calling for the determination of mere evidentiary matters is very common, and ought to be condemned. It is more confusing than helpful to the court, and not infrequently leads to confusion and error.

In this case, counsel for defendant asked the court to submit twenty-one different questions, only a very few of which were applicable to the case or proper to be given. There are, however, several questions relating to defendant's negligence, and bearing upon the controverted facts, which the court ought to have submitted. One related to the fact of whether plaintiff had been cautioned or warned not to attempt to straighten the felt just before it reached the press rollers. Another related to the defective character of the felt. Others were sufficient to suggest to the court the actual facts in controversy, and all of which the court refused to submit. The only question in the verdict bearing upon defendant's negligence is as follows: " Was the injury to plaintiff proximately caused by defendant's negligence ? " It requires but a glance to discover that it is susceptible to the criticism heretofore suggested. The form is not to be approved, and its harmful character was heightened by the court's instruction. He tells the jury that " proximate cause means the nearest cause; direct or immediate cause, in contradistinction to the indirect or remote cause." Applying this instruction to the question submitted, it requires no argument to demonstrate the faulty and harmful character of both questions and instruction. *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279.

The jury found, in answer to questions 2 and 3, that the

Bigelow vs. Danielson.

danger of operating the machine was not apparent to a person of the age, experience, and understanding of plaintiff, and that he ought not to have comprehended the danger incident to taking hold of the felt as he did.   Can these findings be sustained?

The evidence shows that the plaintiff was a bright, intelligent boy; that he had worked at this identical machine several months continuously during the year previous to his injury; that he had been at work on the same machine from some time in November to the last day of January, the day he was hurt.   He had watched others handle the machine, and had learned how to handle the guide roller and to operate the machine.   He said he was anxious to learn how to operate the machine, and had had control of the guide roll for a month or more before the accident happened.   The dangers of operating the machine were apparent at a glance. There is no pretense or claim that the precise danger to which plaintiff exposed himself was hidden, or that his attention was distracted, or that any cause intervened or contributed to the risk.   The allegation in the complaint that the floor was icy, and that plaintiff slipped, causing his hand to be caught between the roll, is not supported by a single fact testified to in the case.   It is true the plaintiff says that he was not warned of the danger of getting his hands in the rolls, and that he did not understand or know there was danger of his getting hurt.   There was nothing complicated or hidden in the act he was about to perform.   The machine was in plain sight before him.   The moving felt was being fed between the rolls, in plain sight, and right before his eyes.   No warning that could have been given him could have made the danger of getting his fingers between the rolls more evident.   The danger was so plain and obvious from the situation that affirmative proof of the fact was unnecessary.   With nothing to distract his attention, with the danger visible before him, for him to grasp the felt in such

proximity to the rolls as to permit them to catch his fingers was an act of carelessness that cannot be reconciled with ordinary care. A discussion of a very similar situation in the recent case of *Roth v. S. E. Barrett Mfg. Co.* 96 Wis. 615, covers the ground so fully that we need not proceed further. Upon the evidence produced, we are clearly of the opinion that the finding of the jury cannot be sustained.

The sixth question in the special verdict, which reads, " Was the want of ordinary care and prudence on the part of the plaintiff the proximate cause of his injury?" is objectionable. The real inquiry is, Did such want of care and prudence *contribute* to produce the injury? The form of this question, taken in connection with the definition given the jury of proximate cause, must have left the jury in great confusion.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.