LEMKE, Administratrix, Respondent, vs. MILWAUKEE ELEC- .
TRIC RAILWAY & LIGHT COMPANY, Appellant.

*April 23—May 14, 1912.*

*Appeal: Harmless errors: Prejudice must appear: Special verdict:
Sufficiency: Omitted matters: Form of questions: Negligence:
Street railways: Injury to traveler on highway: Proximate
cause: Instructions to jury.*

1. A judgment must be affirmed on appeal unless both error and
   prejudice to the appellant are made to appear.
2. Where several grounds of negligence are alleged in the complaint,
   such of them as are not supported by evidence or are not rele-
   vant under the evidence as the facts finally appear therein may
   properly be dropped out of the case and omitted from the spe-
   cial verdict.
3. A special verdict specifically found defendant negligent upon two
   grounds alleged in the complaint. A similar finding upon a
   third ground was made in answer to a question which, in the
   absence of proper instructions, was too general, but no more
   appropriate question was suggested by defendant. There was
   also a general finding that defendant was guilty of a want of
   ordinary care which was the proximate cause of the accident.
   *Held*, that the last finding refers by fair implication to the two
   items of negligence specifically and properly found, and, no
   prejudice to defendant being shown, a judgment for plaintiff
   should not be reversed because of such informalities in the
   verdict.
4. In an action for death caused by a collision between an electric
   car and a buggy, a question in the special verdict, "Was there
   a proper and sufficient headlight in use on such car at the time
   of the accident?" was faulty, in the absence of instructions as
   to the legal test of a proper and sufficient headlight, since the
   jury might set up a standard of its own in that particular.
5. Two questions in such special verdict, (1) "Was the gong or bell
   on the car which collided with the buggy sounded within a rea-
   sonable time before the accident?" and (2) "Was the car at and
   just prior to the accident run at an unusually rapid and dan-
   gerous rate of speed?" though imperfect, were fairly within the
   discretion vested in the circuit court with reference to the form
   of questions to be submitted.

6. An instruction, in such case, that negligence is the proximate cause of an injury only when that injury is the natural and probable result of such negligence and when in the light of attending circumstances the injury ought to have been foreseen by a person of ordinary care and prudence, is approved.

7. An instruction not incorrect in law, though not applicable to any question submitted to the jury, is not ground for reversal unless it appears that the jury was misled or the appellant prejudiced thereby.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The action is for injuries to Alfred Densow while traveling along the highway in the manner described, by collision of an electric railway car of defendant with the vehicle in which Densow was seated. The charges of negligence are: (a) an unusually dangerous rate of speed of the car; (b) failing to ring any gong or bell or give warning; (c) failing to drop the fender of the car; (d) failing and neglecting to reverse the brakes of the car; (e) failing and neglecting to promptly stop the car; (f) failing to provide a proper and sufficient headlight on the car.

The special verdict was as follows:

"(1) Was plaintiff's intestate, Alfred Densow, killed July 4, 1908, by a collision with one of the defendant's street cars? *A.* (by the court). Yes.

"(2) Was the gong or bell on the car which collided with the buggy sounded within a reasonable time before the accident? *A.* No.

"(3) Was there a proper and sufficient headlight in use on such car at the time of the accident? *A.* No.

"(4) Was the car at and just prior to the accident run at an unusually rapid and dangerous rate of speed? *A.* Yes.

"(5) Was defendant guilty of a want of ordinary care which was the proximate cause of the accident? *A.* Yes.

"(6) Was Guy Brown, the driver of the buggy, guilty of any want of ordinary care which proximately contributed to the injury? *A.* No.

"($6\frac{1}{2}$) Ought the plaintiff's decedent, Alfred Densow, in the exercise of ordinary care to have discovered the approach of the car in time to have avoided the collision, if he had made diligent use of his senses of sight and hearing? *A.* No.

"(7) If the court should be of the opinion that the plaintiff should recover, at what sum do you assess her damages? *A.* \$3,250."

For the appellant there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

For the respondent there was a brief by *Nohl & Nohl* and *Houghton, Neelen & Houghton,* and oral argument by *F. W. Houghton.*

TIMLIN, J.   By questions 2, 3, and 4 of the verdict three of the six grounds of negligence in the complaint are established.   The other grounds are not found and were dropped out of the case, apparently because not supported by evidence or relevant under the evidence as the facts finally appeared therein.   This is the usual and proper practice.   The third question is faulty, especially because the court failed to specify by instructions what are the legal tests of a proper and sufficient headlight.   This left the case exposed on this point to the danger of a jury setting up a standard of its own in this particular.   But it is not faulty in that the fact covered is irrelevant or nonactionable.   The fifth question is very comprehensive and sweeping, but verdicts in this form have been approved (*Halwas v. American G. Co.* 141 Wis. 127, 123 N. W. 789) or the error held nonprejudicial (*Twentieth Century Co. v. Quilling,* 136 Wis. 481, 486, 117 N. W. 1007). The appellant criticises this question on the ground that the jury may have found the defendant guilty of a want of ordinary care which was the proximate cause of the accident in some particular not covered by the complaint or even not actionable.   This appears to raise the question whether we must presume error or regularity.   We have a situation where at

least two grounds of negligence averred in the complaint are specifically found, one additional ground submitted in too general words, then a sweeping question covering the defendant's negligence and proximate cause without specifying of what such negligence consisted. The defendant requested the submission of four questions, three of which related to contributory negligence of the plaintiff and one related to the negligence of both plaintiff and defendant and was as follows: "Did the motorman sound his gong before the collision in time to have enabled the plaintiff, in the exercise of ordinary care, to have left the track and thus avoided the collision?" The situation presented is not that presented in *Sladky v. Marinette L. Co.* 107 Wis. 250, 83 N. W. 514. There by the first question of the special verdict the court submitted to the jury a non-issuable fact not charged in the pleadings as a ground of negligence, and by instructions made this cover almost everything that could have been covered by a general verdict. Neither is the situation analogous to that in *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714. In the latter case the defendant requested special findings upon facts put in issue by the pleadings, and the court refused and merely asked the jury whether the defendant's servants in charge were guilty of a want of ordinary care in backing the train at the time of plaintiff's injury. The case last cited and the case of *Bigelow v. Danielson,* 102 Wis. 470, 78 N. W. 599, are explained and distinguished in *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644. There the defendant proposed four questions which were rejected, and all covered by one more general question submitted. In the instant case three charges of negligence contained in the complaint were dropped out by failure of proof, three were retained and specifically found on, one, however, by a question defective in form. A situation arising upon special verdict similar in some respects to that in the instant case is disclosed in the report of *Halwas v. American G. Co.* 141 Wis. 127, 123 N. W. 789.

Where four separate grounds or acts of negligence are found and four other separate answers declare that each is a proximate cause of the injury, if either of the first four is supported by evidence it is not material whether the others be or not. *Szewczyk v. E. W. Ellis L. Co.* 146 Wis. 452, 131 N. W. 977. Examples of special verdicts upheld where several acts of negligence were found and each found to be a proximate cause of plaintiff's injury: *Fonder v. General C. Co.* 146 Wis. 1, 130 N. W. 884; *Driscoll v. Allis-Chalmers Co.* 144 Wis. 451, 129 N. W. 401. Under the statute of this state which requires the affirmance of judgments by this court except where both error and prejudice to the appellant are made to appear, we cannot disturb the judgment on account of such informalities in the special verdict. While the third question of the special verdict is disapproved as to form, especially when unaccompanied with proper instructions, no more appropriate question was suggested by appellant in its stead, and the facts found by that question may be dropped out of consideration and the question treated as if the jury had answered it in the affirmative, and still there is sufficient in the verdict to support this judgment. For the second and fourth questions itemized certain grounds of negligence, and the general finding of negligence which was the proximate cause of plaintiff's injury in the fifth question must be held to refer by fair implication to the items of negligence found by the second and fourth questions. Any other disposition of this case would be the result of a presumption of prejudicial error in which we cannot indulge. The form of the second and fourth questions submitted is criticised. They cannot be considered models, but they are fairly within the discretion vested in the circuit judge with reference to form of questions submitted. On the whole we must decline to reverse on account of alleged errors in the form of the special verdict under the circumstances here appearing.

The trial court in its instructions defined ordinary care and

proximate cause, stating, among other things, that negligence is the proximate cause of an injury only when that injury is the natural and probable result of such negligence and when in the light of attending circumstances the injury ought to have been foreseen by a person of ordinary care and prudence. Such instructions have been approved by this court. The jury was further instructed that it was the duty of the defendant to operate its street railway in such manner as not to obstruct or prevent the common public travel of the highway and to provide its cars with suitable fenders or pilots so arranged and constructed as to protect the lives, limbs, and bodies of all persons that may be upon the highway against injury by striking or running over them. This appears to be a sort of a paraphrase of the statute law on the subject. It was not applicable to any question arising upon the evidence or submitted to the jury. It is not incorrect in law, and if it can be made ground for reversal it must be because the jury was thereby misled. It was stated by the trial court as a sort of introduction or prelude to a statement of the duty of those traveling in other vehicles upon the highway. It should not have been given in this case, considering the issues submitted by the special verdict. But we are not satisfied that the jury was misled or that the appellant was prejudiced thereby, consequently it affords no ground for reversal.

We have considered the instructions requested by the appellant. We consider that all matters correctly covered by these requests were also sufficiently covered by the instructions given, at least to such extent that we cannot say that any prejudicial error resulted from the refusal. Under present statutes and rules we cannot find in the record sufficient cause for reversal.

*By the Court.*—Judgment affirmed.