GARCIA, Guardian *ad litem,* and another, Appellants, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.

*March 8—April 5, 1950.*

For the appellants there was a brief by *Dougherty, Arnold & Waters, Gene Posner,* and *Armin I. Solomon,* all of Milwaukee, and oral argument by *Mr. Solomon* and *Mr. Arnold.*

For the respondent there was a brief by *Edward H. Borgelt, Richard S. Gibbs,* and *Norman C. Skogstad,* all of Milwaukee, and oral argument by *Mr. Gibbs.*

MARTIN, J. The issue in this case is whether the trial court erred with respect to the form of one of the questions in the verdict and with respect to the instruction covering the burden of proof.

There is no bill of exceptions. The case is therefore for decision upon the record, which does not disclose whether there was any objection to the form of the question or the instruction at the time of submission.

Question 7 of the special verdict reads as follows:

"Was the place where plaintiff, James Corgiat, was injured a portion of the depot grounds of defendant, Chicago & North Western Railway Company?"

The trial court, in connection with question 7, instructed the jury as follows:

"The burden of proof as to this question is upon the plaintiffs to satisfy you by a preponderance of the evidence to a reasonable certainty that it should be answered 'No.' This is a simple question of fact which you will answer after taking into consideration all the facts and circumstances disclosed by the evidence tending to throw light upon it."

Sec. 192.33 (1), Stats., provides as follows:

"Every corporation operating any railroad shall erect and maintain on both sides of its road (depot grounds excepted) sufficient fences with openings or gates or bars therein, and suitable and convenient farm crossings for the use of the occupants of the lands adjoining and shall maintain cattle guards at all highway crossings (outside of municipalities) and connect their fences therewith. This section shall not apply to that part of the road where sidetracks or switch tracks are used in cities of the first class."

While it is recognized that in many instances the simpler form of wording a question is such as to place the burden on the affirmative, no mistake could be made as to the issue to be decided under the question in the instant case.

Plaintiffs rely on *Kausch v. Chicago & M. E. R. Co.* (1921), 173 Wis. 220, 222, 223, 180 N. W. 808, but in that case the reversible error was not in the form of the question but in placing the burden of proof upon the wrong party. The court stated:

"The plaintiff alleged, and the burden is upon him to prove, that the car stood still when he attempted to board it. The negligence complained of was the sudden starting of the car while he was in the act of boarding it. No recovery can be had unless such negligence is established by a preponderance of the evidence and to a reasonable certainty, for it is the very gravamen of the action. And the burden of proof is upon the plaintiff to establish it. Nevertheless the civil court instructed the jury that the burden of proof was upon the defendant to prove the affirmative of the issue presented by question No. 1. This was error. The court should have instructed the jury that the burden of proof was upon the plaintiff to establish the fact that the car was not in motion when he attempted to board it. Or, better still, the question should have been so framed as to call for plaintiff's proving the affirmative by wording the question as follows: Was defendant's car standing still when plaintiff attempted to board it? Questions should always be so framed as to put the burden of proof upon the affirmative. This court has consistently held that the placing upon the wrong party of the burden of proof as to a material issue is prejudicial error where the jury finds against the party upon whom the burden has been wrongly placed." (Cases cited.)

There is in the above quotation language indicating a direction that in all cases the form of the question should be such as to put the burden of proof upon the affirmative. That language was not necessary to support the court's decision upon the point which it had before it, and is dictum. It does not square with the rule which has been consistently followed that:

"The form of the verdict rests in the sound discretion of the trial court, and that discretion will not be interfered with so long as the issues of fact in the case are covered by appropriate questions." *Ehlers v. Automobile Liability Co.* (1919), 169 Wis. 494, 501, 173 N. W. 325; *Lemke v. Milwaukee E. R. & L. Co.* (1912), 149 Wis. 535, 539, 136 N. W. 286; *Hebbe v. Maple Creek* (1904), 121 Wis. 668, 673, 99 N. W. 442.

There was no error in the form of the question.

Plaintiffs contend that the court erred in charging the jury that the burden of proof rested upon plaintiffs to establish that the place where the accident occurred was not on depot grounds of the defendant.

Plaintiffs assert that the provision in sec. 192.33 (1), Stats., "(depot grounds excepted)" must be construed to be a proviso, and that the rule with respect to a proviso requires defendant to establish affirmatively the existence of such proviso. The trial court was satisfied that the words must be construed to be an exception which the plaintiffs were required to negative in their complaint, and that the plaintiffs were compelled to assume the burden of proof to negative the exception.

It was stated in *Pabst Brewing Co. v. Milwaukee* (1912), 148 Wis. 582, 586, 587, 133 N. W. 1112:

"The distinction between an exception and a proviso in a statute is clearly stated in *Rowell v. Janvrin,* 151 N. Y. 60, 45 N. E. 398, as follows:
"'An exception exempts something absolutely from the operation of a statute by express words in the enacting clause; a proviso defeats its operation conditionally. An exception takes out of the statute something that otherwise would be part of the subject matter of it; a proviso avoids them by way of defeasance or excuse.'"

The plaintiffs recognized in their pleading the necessity of negativing the statutory exception. We consider that the provision in the statute in question removes absolutely from the necessity of fencing the areas within the defendant's depot grounds. If it were not for the exception, the depot grounds would be within the requirement. However, the exception is of a general nature and is a part of the enacting clause. Therefore, it is a true exception within the rule which was cited in *Pabst Brewing Co. v. Milwaukee, supra.* (See also Exceptions and Provisos, 50 Am. Jur., Statutes, pp. 451–460, secs. 430 *et seq.;* and 130 A. L. R. 440–486.) Plaintiffs recognize this rule and the authorities which support it, but

have stated in their brief that it is technical, anachronistic, and out of step with modern legal principles. We cannot agree with their assertion. Since the exclusion of depot grounds from the necessity of fencing is a true exception, the burden was properly placed upon the plaintiffs to negative the exception in fact.

We may assume from the record and the briefs, and, in the absence of a bill of exceptions should, that the place where the accident happened was within the area left unfenced. *Prima facie,* therefore, it was within the depot grounds. *Grosse v. Chicago & N. W. R. Co.* (1895), 91 Wis. 482, 484, 65 N. W. 185. The burden of proving the contrary was therefore properly placed upon plaintiffs.

The trial court did not err with respect to the form of question No. 7 or the instruction covering the burden of proof, and the jury's finding cannot be disturbed. Accordingly, the Railroad Company is not liable for the damages sustained by the plaintiff, James Corgiat.

*By the Court.*—Judgment affirmed.