RALPH E. SHARP, JR., Corporation Counsel Dodge County
Your office asks whether a county department of social services has any discretion to disclose or not to disclose reports and records under section 48.981 (7)(a)1. and (c), Stats., which provides:
 (a) All reports and records made under this section and maintained by the department, county departments and other persons, officials and institutions shall be confidential. Reports and records may be disclosed only to the following persons:
 1. The subject of a report, except that the person or agency maintaining the record or report may not disclose any information that would identify the reporter.
. . . .
 (c) Notwithstanding par. (a), the subject of a report may authorize the disclosure of a record to the subject's attorney. The authorization shall be in writing. Any information that would identify a reporter shall be deleted before disclosure of a record under this paragraph.
Under section 48.981 generally, certain persons are required and other persons are encouraged to report suspected cases of child abuse or neglect. Chapter 355, Laws of 1977, repealed and recreated section 48.981 and for the first time provided for confidentiality in subsection (10) with the following language:
 (a)1. All reports and records made under this section and maintained by the department, county agencies, the central registry and other appropriate persons, officials and institutions shall be confidential, except that confidentiality of and access to preliminary investigative reports maintained by the department shall be governed solely by sub. (7). Information shall not be made available to any individual or institution except to:
. . . . *Page 85 
This original language under subsection (10) evinces the legislative intent that the information be made available upon request to the four persons or entities thereafter enumerated. An analysis prepared by the Legislative Reference Bureau at that time states in pertinent part:
 Reports and records relating to child abuse, mental injury or neglect will be confidential, except to the subject, staff, and attending physician, or a court conducting abuse, neglect or child protective proceedings. Information will be available for bona fide researchers, but persons and reporters will not be identified. Subjects will not be told the name of the initial reporter.
(Emphasis added.)
The present version of section 48.981 (7)(a) was enacted by 1983 Wisconsin Act 172 with no apparent change intended except to expand the list of persons to whom records and reports may be disclosed.
The Legislature in 1977, therefore, established an absolute right to know and inspect the contents of these reports and records in plain and unambiguous language for the persons and entities covered by the exceptions to the general rule of confidentiality. See State ex rel. Journal Co. v. County Court,43 Wis.2d 297, 308-09, 168 N.W.2d 836 (1969); Hanson v.Eichstaedt, 69 Wis. 538, 35 N.W. 30 (1887). Thus, the Legislature has removed from consideration the balancing test of weighing any possible harm done to the public interest against the right of a member of the public to have access to particular public records or documents. See, for example, State ex rel. Bilder v. DelavanTp., 112 Wis.2d 539, 334 N.W.2d 252 (1983). The public records statutes under sections 19.21 to 19.37 only apply "[e]xcept as otherwise provided by law." Sec. 19.35 (1), Stats.
Section 48.981 (7)(a) in clear and unambiguous mandatory language establishes an exemption from disclosure. After stating the general rule that all such reports and records shall be confidential, however, subsection (7)(a) enumerates fourteen exceptions to whom reports and records may be disclosed, including the subject of a report under subsection (7)(a)1. and. when authorized, the subject's attorney under subsection (7)(c). It is well settled that an exception takes out of the statute something that otherwise might be part of the subject matter of that statute. Garcia v. Chicago N. *Page 86 W. R. Co., 256 Wis. 633, 638, 42 N.W.2d 288 (1950); Pabst BrewingCo. v. Milwaukee, 148 Wis. 582, 586-87, 133 N.W. 1112 (1912).
In analyzing whether the Legislature intended a provision to be mandatory or directory, it is necessary to consider the consequences resulting from one construction or the other. Karowv. Milwaukee County Civil Serv. Comm., 82 Wis.2d 565, 572,263 N.W.2d 214 (1978). Although the word "may" often is construed as permissive, it is my opinion for the reasons hereafter set forth that the county department of social services has no such discretion in disclosing reports and records to the subject of a report and to the subject's attorney where the subject of the report authorizes such disclosure in writing.
Furthermore, the word "may" logically applies to all of the persons enumerated thereafter. It is my opinion that absurd consequences would arise from granting to a county department of social services the authority to refuse disclosure, for example, to (I) appropriate staff of the department of health and social services or a county department, (2) an attending physician for purposes of diagnosis and treatment, (3) a law enforcement officer or agency for purposes of investigation or prosecution, (4) a court conducting proceedings related to a petition under section 48.13 for a child in need of protection or services or (5) the county corporation counsel or district attorney representing the interests of the public in such court proceedings.
In particular, subsection (7)(c) implies the need for disclosure to the subject's attorney presumably because some legal action is pending or anticipated. Under such circumstances principles of due process are a potential concern although it is not necessary to reach this issue in light of my interpretation of these confidentiality provisions.
DJH:DPJ *Page 87