Jay HATHEWAY, d/b/a Among Friends, Peggy
Vandeveer and Tracey Vandeveer, Plaintiffs-
Appellants,†

v.

GANNETT SATELLITE INFORMATION
NETWORK, INC., a foreign corporation, Michael B.
Gage, Karen Decker and Gannett Co., Inc., a foreign
corporation, Defendants-Respondents.

Court of Appeals

*No. 89-1480. Submitted on briefs May 15, oral argument June
14, 1990.—Decided July 10, 1990.*

(Also reported in 459 N.W.2d 873.)

†Petition to review denied.

For plaintiff-appellant, Jay Hatheway, there were briefs by *Mark F. Borns, Borns, Macaulay & Jacobson,* Madison.

For plaintiffs-appellants, Peggy Vandeveer and Tracey Vandeveer, there were briefs and oral argument by *Paula L. Ettelbrick, Lambda Legal Defense and Education Fund, Inc.,* New York.

For defendants-respondents there were briefs by *John R. Dawson, David Lucey* and *Michael L. Silhol* and oral argument by *David Lucey,* Milwaukee.

There was an amicus curiae brief and oral argument by *Nan D. Hunter, American Civil Liberties Union Foundation,* New York, and *Gretchen E. Miller, Ameri-*

*can Civil Liberties Union of Wisconsin Foundation,* Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The plaintiffs, Jay Hatheway and Peggy and Tracey Vandeveer, appeal an order granting the defendant, Gannett Satellite Information Network, Inc.'s, motion for summary judgment. Gannett is the publisher of the Green Bay Press Gazette, which refused to print the plaintiffs' advertisements in the newspaper's classified advertising section. The plaintiffs contend that the classified advertising section of a newspaper is a place of business where goods or services are available as defined by Wisconsin's public accommodation law, sec. 942.04(2), Stats. (1987-88).[1] The plaintiffs further contend that the newspaper's refusal to accept the proffered advertising was based upon the plaintiffs' sexual orientation, in violation of the terms and conditions of that act. Sec. 942.02(1), Stats. (1987-88).[2] Because we find that the classified advertising section of a newspaper is not subject to the provisions of the public accommodations act, we affirm the trial court's dismissal of plaintiffs' complaint.

Jay Hatheway was doing business as Among Friends, which the defendants characterized as a gay/lesbian organization. Hatheway submitted a classified ad stating: "Gay/lesbian resources, referrals, networks for rural Wisconsin. Write to Among Friends, Box 881, Madison, Wisconsin 53701." Later in that year Hatheway submitted another ad that read: "Gay/lesbian referrals for medical, legal and professional assistance for

---

[1] Section 942.04(2) was renumbered as sec. 101.22(1m)(bp), Stats., in 1989. Sec. 9, 1989 Wis. Act 47.

[2] Section 942.02(1) was amended and renumbered as sec. 101.22(9)(a)1-4 in 1989. Secs. 5-8, 1989 Wis. Act 47.

rural Wisconsin. Write Among Friends, Box 881, Madison, WI 53701."

Peggy and Tracey Vandeveer attempted to place a classified ad in the Press Gazette which read as follows: "Unique, hand-painted sweatshirts for lesbians. Very affordable. For info, write to P.O. Box 10522, Green Bay, WI 54307-0522." A subsequent ad that they attempted to place read as follows: "Unique, screen-painted sweatshirts with gay/lesbian slogans. For details, write to P.O. Box 10522, Green Bay, WI 54307-0522."

The following facts are assumed to be true for the purpose of summary judgment: The newspaper offered as reasons for the rejection of Hatheway's advertisement the fact that the ad contained the words "lesbian" and "gay" and the newspaper's belief that Hatheway was a gay man operating a gay and lesbian organization. The reasons offered by the newspaper for its refusal of the Vandeveers' advertisements were that they believed the Vandeveers were lesbians providing services primarily to lesbian and gay male clients, and "[w]e just don't print those kinds of ads." The Press Gazette is owned by the Gannett Company and the Gannett Satellite Information Network, Inc., and is the largest newspaper serving four counties in northeastern Wisconsin. The newspaper publishes a classified advertising section, separate from its editorial and news operations. The masthead of the advertising section carries the caption: "Northeastern Wisconsin's Complete Shopping Center in Print." In advertisements, the Press Gazette denominated the classified section as "a classified mall, Northeastern Wisconsin's largest shopping center under one roof," and claimed that "[o]ne phone call will get your message in over 79,000 homes Sunday, and over 56,000 daily."

The first issue to be addressed is whether a newspaper's classified advertising section is subject to the provi-

sions of the public accommodation act. That statute makes it illegal to deny full and equal enjoyment of any public place of accommodation or amusement because of sex, race, color, creed, physical condition, developmental disability, sexual orientation, national origin or ancestry. A place of public accommodation is defined in the act as follows:

> "Public place of accommodation or amusement" shall be interpreted broadly to include, but not be limited to, *places of business* or recreation, hotels, motels, resorts, restaurants, taverns, barber or cosmetologist, aesthetician, electrologist or manicuring establishments, nursing homes, clinics, hospitals, cemeteries, *and any place where accommodations, amusement, goods or services are available either free or for a consideration* except where provided by bona fide private, nonprofit organizations or institutions.

Sec. 942.04(2), Stats. (1987–88). (Emphasis supplied.)[3] The plaintiffs argue that the classified ad section of the paper is a place of accommodation because it is a "place [of business] where accommodations, amusements, goods or services are available either free or for consideration." They urge this court to adopt a literal meaning of the quoted language and to conclude that, based upon this language, all places of businesses where goods or services are available are subject to the provisions of the public accommodation act. We do not agree.

A variety of provisions exist between the term "places of business" and "place where accommodations, amusements, goods or services are available." The intervening language includes a series of illustrations of the type of places considered to be public places of accom-

---

[3]Renumbered as sec. 101.22(1m)(bp) in 1989 without any change in the quoted language. Sec. 9, 1989 Wis. Act 47.

modation. We are aware that the plain language of the act makes clear that the businesses subject to the act are not limited to those identified. Nonetheless, we do not conclude that the legislature by adopting this language intended to subject every place of business where goods or services are provided to the provisions of the public accommodation act.

The interpretation urged by the plaintiffs requires that we ignore the illustrative list of businesses included in the act. "[I]t is a basic rule of statutory construction that . . . effect is to be given, if possible, to each and every word, clause and sentence in a statute, and a construction that would result in any portion of a statute being superfluous should be avoided wherever possible." *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 164, 288 N.W.2d 129, 135 (1980). We conclude that the plain meaning of the statute requires that a place of public accommodation be of the same type as those identified in the statute. We decline to read the statute so as to render the entire listing irrelevant to the statute's meaning.

Another rule of construction supports our conclusion that this reading of the statute is most appropriate. Under the rule of *ejusdem generis,* where a general term is preceded or followed by a series of specific terms, the general term is viewed as being limited to an item of the same type or nature as those specifically enumerated. *State v. Campbell,* 102 Wis. 2d 243, 246, 306 N.W.2d 272, 273 (Ct. App. 1981). When the legislature lists a series of businesses subject to the provisions of the act, it intends to include businesses of a like kind, and not businesses that are totally dissimilar from those identified. This rule is sometimes stated as *noscitur a sociis,* which means that a word is known by the company it

keeps. *See Jones v. Broadway Roller Rink Co.,* 136 Wis. 595, 597, 118 N.W. 170, 171-72 (1908).

Applying either of these principles of statutory construction to the subject statute, we conclude that to be a place of public accommodation under the public accommodation act, the business must be comparable to or consistent with the businesses enumerated in the statute itself. Newspapers do not offer the public "accommodations" in the sense that this term is normally understood. A newspaper does not supply necessities and/or comforts of the kind offered by the listed businesses. Newspapers are totally dissimilar in nature from the businesses listed in the public accommodation act.

While we are mindful that the statute urges us to apply a broad interpretation of its terms, and that in statutory construction we should adopt an interpretation consistent with the purpose of the statute, *State ex rel. Schaeve v. Van Lare,* 125 Wis. 2d 40, 48, 370 N.W.2d 271, 276 (Ct. App. 1985), we nonetheless conclude that the newspaper's classified advertising section is so dissimilar from the businesses listed in the statute that it does not come within the purview of the public accommodation act.

Even were we to find the terms and provisions of the act ambiguous, and resort to a construction of legislative intent, *see Monson v. Monson,* 85 Wis. 2d 794, 800, 271 N.W.2d 137, 140 (Ct. App. 1978), our conclusion would be unchanged. The legislature has from time to time amended the act. It has twice specifically rejected a proposed amendment that would delete the businesses listed and apply a broader definition. *See* A.B. 666, 1961 Sess.; A.B. 816, 1963 Sess. The broader definition rejected in both bills was: "any accommoda-

tion, service, advantage, facility or privilege whatsoever available to or used by the public either free or for a consideration." *Id.* The legislature's rejection of such a broad definition reinforces our conclusion that the specific listing of businesses accurately represents the legislature's intent that not all businesses providing goods and services are subject to the act.

The legislature has amended the act so as to broaden its applicability. For example, in 1987 it replaced the word "barbershops" with the more expansive "barber or cosmetologist, aesthetician, electrologist or manicuring establishments." Sec. 13, 1987 Wis. Act 265. In 1989, the term "hotels, motels and resorts" was replaced by "lodging establishments," the latter term defined to include "bed and breakfast establishment," "hotel," "tourist rooming house," or "campground." Secs. 1–2, 1989 Wis. Act 94. The legislature would not have acted to amend the act by including new or more modern terminology for the types of services covered if it intended that every business providing goods or services be covered. We therefore conclude that an examination of the legislative history of the statute to determine the intent of the legislature in extending coverage under the public accommodation act yields the same result as application of rules of construction: the statute does not apply to a newspaper's classified advertising section. This conclusion makes it unnecessary for us to examine the constitutional implications that a contrary decision would have involved. We specifically refrain from addressing the constitutionality of any act, rule or order requiring a newspaper to publish any specific item.

While we have determined that the public accommodation act does not apply to newspapers, we wish to emphasize that we have not limited the scope of the act beyond the specific holding in this case. We also do not

wish this holding to imply that we endorse Gannett's decision not to run these classified ads. While we have determined that the refusal to print the proffered ads is not a violation of the public accommodations act, the wisdom of a policy that refuses to accept an ad designed to offer medical and other assistance to those engaged in an alternative lifestyle is not within our power to review.

*By the Court.*—Order affirmed.