Jane BARRY, Plaintiff-Appellant,†

v.

MAPLE BLUFF COUNTRY CLUB, James Klinke, Richard Munz, Gary Casper, David Sugar, Lynne Faulkner, Ginger Hinderaker, Ellen Fisher, Turner Harshaw, Paul Holzem, Michael Laskis, Larry Lawrence, Ramon Stack, Ronald Kelly, Loren Mortenson, Greg Brady, and Bernhard Mautz, Defendants-Respondents,

AETNA CASUALTY & SURETY CO., Intervenor.

Court of Appeals

*No. 97–0736. Submitted on briefs December 16, 1997.—Decided September 3, 1998.*

(Also reported in 586 N.W.2d 182.)

†Petition to review denied.

708

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *A. Steven Porter* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Julie Genovese, Daniel A. Kaplan* and *Emily R. Spann* of *Foley & Lardner* of Madison.

Before Vergeront, Roggensack and Deininger, JJ.

ROGGENSACK, J. Jane Barry appeals from an order of the circuit court granting the defendants' motions to dismiss Barry's lawsuit which is based on alleged sexual discrimination. The circuit court concluded that Barry failed to state a claim for false advertising and for constitutional violations; that she waived her claims against the individual defendants; and that Barry's claim under Wisconsin's public accommodation statute was barred by the applicable statute of limitations. We agree Barry waived her claims against the individual defendants, and we conclude that Barry also waived her false advertising and constitutional claims; therefore, we affirm the circuit court's dismissal of those claims. Furthermore, we agree with the circuit court that Barry's amended complaint, and the reasonable inferences therefrom, sufficiently state a violation of Wisconsin's public accommodation law. However, we conclude that Barry's public accommodation claim against Maple Bluff Country Club, Inc. (the Club) is not barred by the statute of limitations because the Club's allegedly discriminatory actions, if proved, constitute continuing violations of the statute. Therefore, we reverse the circuit court's dismissal of Barry's public accommodation claim and remand it for further proceedings consistent with this opinion.

## BACKGROUND

The Club provides members and guests with a clubhouse, pool, tennis courts, golf course and other recreational facilities. The Village of Maple Bluff (the Village) owns the real estate on which the Club provides these facilities and services. Pursuant to the lease between the Club and the Village, the Village retains certain rights of use at limited times which do

not infringe upon the members' use of the facilities. The Club also makes specified cash payments and is required to pay taxes, insurance, upkeep and other expenses of maintaining the facilities.

Barry is a member of the Club and a resident of the Village. Barry alleged that the Club engaged in gender discrimination in the composition of the Club's governing committees, the setting of men-only golf tee times and golf events, and in the construction of certain amenities in the men's locker room. In March 1991, Barry had a complaint drafted to file with Wisconsin's Equal Rights Division (1991 ERD complaint) regarding the Club's alleged discriminatory practices. However, she agreed not to file it when the Club appeared to be moving toward meeting her concerns.

In September 1995, Barry filed this lawsuit against the Club and certain individual club members. The Club did not answer, but instead, moved to dismiss for failure to state a claim. Approximately one year later, Barry amended the complaint, alleging violations of Wisconsin's public accommodation statute, violations of Wisconsin's false advertising statute and violations of her First Amendment right to freedom of speech and association under the Wisconsin and Federal Constitutions. The 1991 ERD complaint was attached to the amended complaint, as was the lease with the Village and miscellaneous letters. The defendants again moved to dismiss. They did not attach an affidavit or other supporting documents, such as the Club's bylaws, to either motion.

After a hearing, in two orders dated December 12, 1996 and January 24, 1997, the circuit court dismissed Barry's false advertising claims because she had failed to allege a pecuniary loss; it dismissed the constitutional claims for failure to adequately articulate the

713

rights infringed; and it dismissed the public accommodation claims on the grounds that her action was barred by the applicable statute of limitations because Barry had known about the conduct she complained of for more than a year.[1] The circuit court also dismissed all of the individual defendants, after Barry failed to respond to the court's directive to submit authority showing they were proper parties. Barry's motion for reconsideration was denied and this appeal followed.

## DISCUSSION

**Standard of Review.**

Whether the statute of limitations applies to a claim for relief and whether a complaint states a claim upon which relief can be granted are questions of law, which we review *de novo. State v. Dunn,* 213 Wis. 2d 363, 368, 570 N.W.2d 614, 616 (Ct. App. 1997); *Heinritz v. Lawrence Univ.,* 194 Wis. 2d 606, 610, 535 N.W.2d 81, 83 (Ct. App. 1995). Questions of statutory interpretation are also reviewed *de novo. Patients Comp. Fund v. Lutheran Hosp.,* 216 Wis. 2d 49, 52–53, 573 N.W.2d 572, 574 (Ct. App. 1997).

**Waived Claims.**

Barry did not challenge the dismissal of her false advertising claims. She expressly waived her First Amendment claim in her brief. However, she relies on Wisconsin's notice pleading rules to defend the sufficiency of the amended complaint to state an equal protection claim, to state a claim under 42 U.S.C.

---

[1] In the 1991 ERD complaint, Barry set forth a number of the Club's practices which also form the basis for the present complaint.

§ 1983, and to name the individual defendants as parties. *See, e.g., Riedy v. Sperry,* 83 Wis. 2d 158, 162–63, 166, 265 N.W.2d 475, 478, 479–80 (1978) (holding it unnecessary to specifically plead that a claim is brought under § 1983).

Barry's amended complaint alleged that the Club's discriminatory practices "interfer[ed] with the plaintiff's rights to freely associate, as a male would, particularly in regards to using club facilities for business proceedings and meetings." Plaintiff's counsel said that the amended complaint referred to a First Amendment claim of freedom of speech and freedom of association under the Wisconsin and Federal Constitutions. When examined at some length by the circuit court on the same issue, counsel represented to the court that Barry was not making a § 1983 or an equal protection claim. Therefore, those arguments are waived and she cannot argue on appeal that the circuit court improperly dismissed those claims. Arguments not made before the circuit court are deemed waived for purposes of appellate review. *State v. Keith,* 216 Wis. 2d 61, 80, 573 N.W.2d 888, 897 (Ct. App. 1997).

Similarly, when specifically invited by the circuit court to submit authority on her theory of liability relative to the individual defendants, Barry failed to do so. Given counsel's statement to the court that, "If I don't find any case law supporting my position, I'll voluntarily dismiss the individuals from the case," the circuit court's dismissal was entirely proper. The interests of justice do not require that we review either issue, and we decline to do so.

## Public Accommodation Claim.

Wisconsin's public accommodation law forbids any "person" from giving "preferential treatment . . . in providing services or facilities in any public place of accommodation or amusement." Section 106.04(9)(a)2., STATS.[2] Based on this statute, Barry claims that the Club "is a public accommodation organization,"[3] which gives preferential treatment to men. She alleges wrongful conduct in regard to access to governing bodies of the Club and in regard to access to services and facilities of the Club.

Section 106.04(9)(a)2., STATS., Wisconsin's public accommodation law, protects access to *places*. The Club is not a place. It is, according to the allegations in the amended complaint and its attachments, a corporation. Access to the governing bodies and committees of corporations, even those who are alleged to operate public places of accommodation, are not protected by Wisconsin's public accommodation statute. Therefore, the allegedly discriminatory make-up of the Board of Directors and its various committees cannot form the basis for a claim under § 106.04(9)(a)2.

We next focus on Barry's assertion that the Club gives preferential treatment in access to the golf course and amenities in the clubhouse. Three issues have been raised in regard to that portion of her claim: (1) whether Barry had standing to bring this claim, (2) whether Barry sufficiently pled that the Club operates a public place of accommodation, and (3) whether

---

[2] Formerly § 101.22(9)(a)2., STATS., renumbered by 1995 Wis. Act 27, § 3687, effective July 1, 1996.

[3] See paragraph 2 of the amended complaint.

Barry complied with the applicable statute of limitations in bringing her claim.

### 1. Standing.

██

In order to have standing to bring a claim, a plaintiff must have "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *State ex rel. First Nat'l Bank of Wisconsin Rapids v. M & I Peoples Bank of Coloma*, 95 Wis. 2d 303, 307–08, 290 N.W.2d 321, 325 (1980) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)). To satisfy the standing requirement, Barry must allege she has suffered "a distinct and palpable injury traceable to the challenged conduct." *Polan v. Wisconsin Dep't of Revenue*, 147 Wis. 2d 648, 658, 433 N.W.2d 640, 644 ( Ct. App. 1988).

██

Barry's amended complaint asserted rights which she claimed arose under the lease between the Club and the Village and because she is a member of the Club. The lease which Barry attached to her amended complaint stated, "any legal action to enforce this Lease or its provisions may be brought solely by the Village or the Club, there being no intended third-party beneficiary to this Lease." Barry offers no analysis supportive of a claim for third party rights. Therefore, we conclude that she does not have standing to assert rights alleged to have arisen under the lease. However, in regard to her status as a member, Barry alleged that the Club's conduct with regard to her access to golf and to certain amenities which were constructed in the men's locker room, and are therefore unavailable to her, gave preferential treatment to men in facilities operated by the Club for personal amuse-

ment and accommodation. Therefore, Barry sufficiently alleged an injury to her that is related to the challenged conduct, and we conclude that she has standing to bring a claim under § 106.04(9)(a)2., STATS.

### 2. Public Accommodation.

To determine whether Barry's amended complaint states a claim under Wisconsin's public accommodation law, we must answer two questions: (1) What elements must a plaintiff plead to state a claim for relief? (2) Has Barry sufficiently alleged all the elements the statute required her to prove in order to prevail on her claim?

### (a) Elements of a public accommodations claim.

Our analysis begins with an examination of the portions of Wisconsin's public accommodation statute relevant to Barry's amended complaint. Section 106.04(9)(a)2., STATS., states that no person may:

> Give preferential treatment to some classes of persons in providing services or facilities in any public place of accommodation or amusement because of sex, race, color, creed, sexual orientation, national origin or ancestry.

Section 106.04(lm)(p), STATS., defines "public place of accommodation or amusement." It states:

> 1. "Public place of accommodation or amusement" shall be interpreted broadly to include, but not be limited to . . . any place where accommodations, amusement, goods or services are available either free or for a consideration, subject to subd. 2.
> 2. "Public place of accommodation or amusement" *does not include a place where a bona fide private, nonprofit organization* or institution *pro-*

*vides* accommodations, amusement, goods or services *during an event* in which the *organization . . . provides* the accommodations, amusement, goods or services *to* the following individuals only:

 a. *Members of the organization* or institution.

 b. *Guests named by members* of the organization or institution.

 c. *Guests named by the organization* or institution.

(Emphasis added.)

No Wisconsin appellate opinion has addressed the definition of a public accommodation under Wisconsin law, as applied to an operating country club.[4] Therefore, the question of what Barry must plead in order to state a claim that the Club's facilities are operated as a public accommodation under the statute is a question of first impression. Because this appeal arises from a motion to dismiss for failure to state a claim upon which relief may be granted, this appeal must be decided solely on the amended complaint.[5]

---

[4] In *Hatheway v. Gannett Satellite Network, Inc.,* 157 Wis. 2d 395, 459 N.W.2d 873 (Ct. App. 1990), we examined the public accommodation law to determine if it should be applied to the classified advertising section of a newspaper, and in *Novak v. Madison Motel Assoc.,* 188 Wis. 2d 407, 525 N.W.2d 123 (Ct. App. 1994), we determined whether a bar owner who offered free drinks to women on ladies night violated Wisconsin's public accommodation law. However, the owner in *Novak* conceded it operated a public accommodation.

[5] Although it is possible to submit evidentiary material outside of the pleadings in support of a motion to dismiss for failing to state a claim, which motion may then be treated as a motion for summary judgment, no such documents were attached to, or submitted in support of, the motion to dismiss under consideration here. Therefore, the issues presented on this appeal must be decided solely on the basis of the amended

■

Our examination of the statutes leads us to conclude that in order to survive a motion to dismiss, Barry's amended complaint must allege, at least, the following elements: (1) the Club is a person who provided services or facilities; (2) the Club gave preferential treatment to some class of persons because of a reason prohibited under the statute, when it provided services or facilities; and (3) the place where the Club provided services or facilities was a public place of accommodation or amusement, when the Club provided services or facilities in a prohibited preferential manner. The Club asserts that Barry must also "prove"[6] that the Club is not a private nonprofit organization because if it is, then it could not have been operating a public accommodation when it provided the services and facilities in a preferential manner to Barry because she has alleged she is a member.

The Club's argument flows in part from the way in which the legislature defined *places* that are "public accommodations." The definition is not dependent solely on the characteristics of the *place*. It is also

complaint. Section 802.06(3), STATS.; *Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 610, 535 N.W.2d 81, 83 (Ct. App. 1995); *Poeske v. Estreen*, 55 Wis. 2d 238, 242, 198 N.W.2d 625, 628 (1972).

[6] The Club's brief argues that Barry has the "burden of proof" on whether the Club is "private." It is uncontested that the circuit court had no evidence before it from which it could have determined that the Club was a private nonprofit organization. Additionally, the burden of proof has no application to a motion to dismiss, based solely on the four corners of an amended complaint. However, we interpret the Club's argument as a contention that Barry must plead that the Club is not a private nonprofit organization in order to survive its motion to dismiss.

dependent on the characteristics of the *person* who provided the services and facilities and on the relationship, to the organization or its members, of the *person* to whom services and facilities were provided. Because this case must be decided solely on the basis of the amended complaint, we first examine whether the Club's status as a private nonprofit organization is an affirmative element of Barry's claim which she must plead and prove or whether it is, from a pleadings perspective, similar to an affirmative defense which the Club must plead and prove. This issue turns on whether "private nonprofit organization," as that term is used in § 106.04(1m)(p)2., STATS., is a "statutory exclusion" or a "statutory proviso."[7]

A "statutory exclusion" has been described as a "true exception" from the class of entities defined as coming within the control of a statute. *See Garcia v. Chicago & N.W. Ry. Co.*, 256 Wis. 633, 638–39, 42 N.W.2d 288, 290–91 (1950). By contrast, a "statutory proviso" has been described as a "conditional exception," which restricts the operation of the statute only under certain stated conditions. *Id.*; *see also Equal Employment Opportunity Comm'n v. Chicago Club*, 86 F.3d 1423, 1430 (7th Cir. 1996).

In Wisconsin when a statutory exclusion exists, the party seeking the benefit of the statute has the burden of pleading and proving that the other party is not an entity that is excluded from the definition of

---

[7] For purposes of our discussion, we refer to the two concepts as a statutory exclusion and a statutory proviso, as we believe the terms exclusion and exception, which have been used in some descriptions of these concepts, have proved difficult to use precisely. *See Garcia v. Chicago & N.W. Ry. Co.*, 256 Wis. 633, 638–39 (1950); *Equal Employment Opportunity Comm'n v. Chicago Club*, 86 F.3d 1423, 1430–31 (7th Cir. 1996).

those entities to whom the statute applies. *See Garcia*, 256 Wis. at 638–39, 42 N.W.2d at 290–91. However, the party seeking the benefit of a statutory proviso has the burden of pleading and proving its application. *Id.*; *see also Estate of Anderson v. Anderson*, 147 Wis. 2d 83, 88, 432 N.W.2d 923, 926 (Ct. App. 1988) (concluding that the burden of proving the proviso of § 853.35, STATS., is on the person seeking to remove circumstances from the statute's purview).

In contrast to *Garcia* and *Chicago Club*,[8] where statutory exclusions were determined to be operative, the restriction on the application of Wisconsin's public accommodation law to private nonprofit organizations, as set out by the legislature in § 106.04(lm)(p)2., STATS., is not absolute, but instead, conditional. Private nonprofit organizations are outside the scope of the statute only when they are providing accommodations, amusements, goods and services to: (a) members of the organization, (b) guests named by members, and (c) guests named by the organization.[9] Therefore, private nonprofit organizations are only provisionally excepted from the statute. Stated another way, whether a private nonprofit organization is outside the scope of the

---

[8] We disagree with footnote 5 in the Club's brief wherein it asserts that the language of 42 U.S.C. § 2000e(b) "exactly tracks" § 106.04(lm)(p)2., STATS. Rather, they form a sharp contrast with one another because private membership clubs are always excluded from the definition of an "employer" by § 2000e (b), while private nonprofit organizations are excluded from the definition of a "public accommodation" only during specified "events" set out in § 106.04(lm)(p)2.

[9] We note that all of the persons to whom services and facilities were alleged to have been provided are either members of the Club or designees of the Club under the lease.

statute is conditioned on the relationship to the Club or its members of the persons to whom services or facilities are provided; therefore, it is a statutory proviso.[10] The obligation to plead and prove this statutory proviso is the Club's because it is seeking the benefit of it. *Garcia*, 256 Wis. at 638, 42 N.W.2d at 290; *Anderson*, 147 Wis. 2d at 88, 432 N.W.2d at 926. Therefore, in order to state a claim under Wisconsin's public accommodation law based on sex discrimination, the amended complaint need not allege that the Club is not a private nonprofit organization.

### (b) Sufficiency of amended complaint.

■

In reviewing the Club's motion to dismiss Barry's public accommodation claim, all the facts pled are taken as admitted and all inferences from those facts must be determined in favor of Barry. *Heinritz*, 194 Wis. 2d at 610, 535 N.W.2d at 83. Additionally, we must liberally construe the amended complaint and can sustain the Club's motion to dismiss only if it is clear that under no circumstances can she prevail. *Id.* at 610–11, 535 N.W.2d at 83.

In general, pleadings consist of the complaint and attachments specifically incorporated into the complaint by reference. Paragraph 26 of Barry's amended complaint incorporates the lease by reference, and paragraph 17 does the same for the 1991 ERD complaint.

---

[10] In 1989 Wis. Act 106, § 2, the legislature narrowed the circumstances under which a private nonprofit organization's activities were outside the scope of the statute. *See* Leg. Reference Bureau Analysis to 1989 Senate Bill 217. Prior to the 1989 amendments, a private nonprofit organization was always excluded from the operation of the statute, by definition.

Most of the attachments are not specifically incorporated by reference. However, all may be read into it for the purpose of testing its sufficiency. *Laffey v. Milwaukee*, 4 Wis. 2d 111, 114, 89 N.W.2d 801, 802–03 (1958). Therefore, in determining the sufficiency of Barry's pleadings, we review her amended complaint and its attachments.

In paragraph 1 of the 1991 ERD complaint attached to the amended complaint, Barry alleged, "Maple Bluff Country Club (MBCC, the Club) is a non-stock corporation authorized by the laws of the State of Wisconsin." And in paragraph 4 of the 1991 ERD complaint, she detailed that the Club provided tee times and clubhouse facilities to men on a preferential basis. These are sufficient allegations from which we can infer that the Club is a person who has provided services or facilities to a class of persons on a preferential basis because of a reason prohibited by statute. Therefore, she has stated the first two elements of a public accommodation claim.

In paragraph 1 of the amended complaint, Barry alleges she is a member of the Club and a resident of the Village. In paragraph (2) of her amended complaint she alleges:

> The defendant Maple Bluff Country Club Inc. is a public accommodation organization, incorporated in the State of Wisconsin, and affiliated with the Village of Maple Bluff because it rents public lands from the Village of Maple Bluff, because its financial circumstances are entwined with those of the Village of Maple Bluff, and because it extends special privileges to the Village as a whole and to residents of the Village of Maple Bluff.

A copy of the lease is attached and Barry relies heavily on it for her contention that the Club operated

a public accommodation when the complained of preferential services and facilities were provided. The lease sets out a landlord/tenant relationship between the Village and the Club, wherein the Village leases part of its property rights to the Club, in exchange for certain payments in money and services from the Club for the use of the premises. The lease also states it was entered into with the understanding that the Club can use the property owned by the Village "for the sole purpose of operating a private country club thereon and not for any other purposes." Although Barry's amended complaint and her briefs on appeal asserted that by entering into a lease to rent the property it used to operate its recreational facilities, rather than purchasing the property outright, it caused the place where it provided services to become a public accommodation, she has cited no authority to support that contention. And, we know of none. Our review of the lease leads us to conclude it is simply a business transaction between the Club and the Village, a transaction which provides Barry with no individual rights, as the lease clearly states there are no intended third-party beneficiaries to it.

Some of Barry's reasoning in regard to how she contends the lease fits into her claim implies that when the Club rented and paid for the use of the property in services and obligations to maintain the property rather than solely in cash, the Club gave up its status as a "private" club. However, in order to plead the third element of a public accommodation claim, Barry does not need to allege the Club is not a private nonprofit organization. She merely needs to allege that the Club operated a place where accommodations, goods or services were available either with or without charge,

when the complained of preferential treatment occurred.

Paragraph 12 of the 1991 ERD complaint stated that the Club operated[11] a public accommodation in violation of Wisconsin's public accommodation law and referenced the then applicable section of the Wisconsin Statutes. Therefore, we conclude that the reference to the applicable section of the statutes, taken together with the allegations that men are given preferential use of the golf course and clubhouse, is sufficient to allege the third element of a public accommodation claim. The status of the Club must be pled by it and will be determined by its bylaws, its rules governing membership selection and by the control it exercises over the use of its facilities by nonmembers.[12]

### 3. Statute of Limitations.

Claims under Wisconsin's public accommodation law must be brought "within one year after the alleged violation occurred." Section 106.04(10)(e)2, STATS. However, for certain discriminatory practices which are alleged to be continuing in nature, the issue to be decided could be driven by when the last violation occurred. For example, under federal laws dealing with discrimination, the statute of limitations does not begin to run until the alleged violation ceases. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 561 (Marshall, J., dissenting) (1977). Therefore, the continuing

---

[11] The complaint actually states that "the Club *is* a public accommodation." However, given all the other allegations in the complaint, we interpret "is" as "operates," because we are required to make all reasonable inferences in Barry's favor.

[12] *See Chicago Club*, 86 F.3d at 1435–37.

violation doctrine may allow a plaintiff in federal court to seek relief for an otherwise time-barred act "by linking it with an act that is within the limitations period." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). Under federal law, the continuing violation doctrine applies to express, openly espoused discriminatory policies that are systematic in nature, but does not extend to the present effects of past discriminatory conduct. *Id.* at 565 & n.3. Although the continuing violation doctrine has not been applied in any Wisconsin published, appellate decision, its validity has been recognized. *See Production Credit Ass'n of W. Cent. Wisconsin v. Vodak*, 150 Wis. 2d 294, 305–06, 441 N.W.2d 338, 342 ( Ct. App. 1989); *see also Hamilton v. DILHR*, 94 Wis. 2d 611, 621 n.4, 288 N.W.2d 857, 861 n.4 (1980) (allowing Wisconsin courts to look to federal precedent when interpreting Wisconsin's anti-discrimination laws).

It is undisputed that Barry knew about the alleged violations as early as 1991 when she had an attorney draft the 1991 ERD complaint. However, the amended complaint, while relating incidents that occurred long before the one-year bar of § 106.04(10)(e)2., STATS., also alleges discriminatory conduct that was ongoing at the time the amended complaint was filed.[13] The United States Court of Appeals for the Seventh Circuit recognizes at least three different continuing violation theories. *Jones v. National Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994). However, only one assists our decision in this case, that applied to an express, openly espoused policy that is alleged to be discrimina-

---

[13] For example, paragraph 18(p) alleges that the golf course is open only to males during certain times and days of the week, and that during those times, men further their business interests, an opportunity denied to women members solely because of their gender.

tory and was applicable to the plaintiff at the time the complaint was filed. *See Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 121 (7th Cir. 1982).

The Seventh Circuit reasoned that a violation based on an express, continuing policy of discrimination is not barred by the statute of limitations because the complained of violations did not cease simply because plaintiff had knowledge of them. *See Palmer v. Board of Educ. Comm. Unit School Dist.*, 46 F.3d 682 (7th Cir. 1995); *Torres v. Wisconsin DHSS*, 838 F.2d 944, 948 n.3 (7th Cir. 1988); *Bartmess v. Drewrys USA, Inc.*, 444 F.2d 1186, 1188 (7th Cir. 1971).

The Seventh Circuit, in *Palmer*, has recently discussed the continuing violation theory, as it interfaces with the statute of limitations in the context of racial discrimination. There, the plaintiffs alleged that a school system instituted a discriminatory assignment and school closing plan in 1987. However, the plaintiffs did not file suit until 1990, and therefore, the defendants contended the suit was untimely. The court concluded that the suit was not time barred because a claim of racial discrimination arose every time a child was assigned to a school under the racially discriminatory policy. *Palmer*, 46 F.3d at 683. The court provided an example to further illustrate why continuing acts of discrimination should find no shield to prosecution under a statute of limitations:

> Suppose the school board had voted in 1980 to provide white pupils, but not black pupils, with school books. A child whose parents neglected to sue during his first two years in school [the length of the statute of limitations period] would not be doomed to another 10 years of education without books. Each time the teacher passed out books to white children while withholding them from blacks would

be a new injury and start a new period to sue. That
the school district had committed similar wrongs in
the past would not give it an easement across the
Constitution, allowing it to perpetuate additional
wrongs.

*Id.* at 685.

We find the reasoning of *Palmer* persuasive. At the
time Barry filed her claim against the Club, she
alleged, that solely because she is a woman, she was
forbidden from playing golf at certain times and was
denied access to certain business and networking
opportunities. Although Barry knew of the Club's dis-
criminatory policies before she commenced her lawsuit,
these express policies were still applicable to Barry at
the time she filed her claim. According to the allega-
tions of the amended complaint, the Club's allegedly
discriminatory actions were the result of the Club's
express, openly espoused policies. In examining these
allegations, we, like the court in *Palmer*, see no reason
to insulate allegedly discriminatory conduct from pros-
ecution, solely because it has been going on for a long
time. Therefore, we conclude that Barry's lawsuit is not
barred by the statute of limitations applicable to Wis-
consin's public accommodation law.

## CONCLUSION

Barry has waived her false advertising claim, her
constitutional claims, and her claims against the indi-
vidual club members; however, she has met her burden
of pleading that the Club violated Wisconsin's public
accommodation law. Additionally, her claim is not
barred by the one-year statute of limitations because
the Club's allegedly discriminatory actions could con-

stitute[14] continuing violations of the statute resulting from express, openly espoused policies of a continuing nature.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.

---

[14] If the Club can plead and prove that it is a private nonprofit organization, Barry has no claim because the services and facilities provided to her are those provided to a member. Section 106.04(1m)(p)2., STATS.