PER CURIAM.
¶1 Jeffrey Riggert brought multiple claims against John Reed under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 (2012)[1] et seq ., and under state law. The dispute centered on Riggert's employment at Innovologie, LLC, a company solely owned and managed by Reed. Riggert alleged that Reed had failed to deposit both Riggert's and Innovologie's mandatory retirement contributions into Riggert's Individual Retirement Account during his employment at Innovologie. After the circuit court decided Riggert's first motion for summary judgment resolving the claims pleaded in his first amended complaint, the court allowed Riggert to amend the first amended complaint to plead a claim for denial of benefits under ERISA. The court then granted Riggert's second motion for summary judgment, determining that Reed was individually liable for Riggert's claim for denial of benefits under ERISA and calculating Riggert's damages to be $84,494.83. Additionally, the court awarded Riggert attorney fees and expenses in the amount of $57,626.11.
¶2 On appeal, Reed argues that the circuit court erred when it: (1) allowed Riggert to amend his first amended complaint to plead a claim for denial of benefits under ERISA after deciding Riggert's first motion for summary judgment resolving the other claims that Riggert had pleaded[2] ; and (2) ruled on Riggert's second motion for summary judgment that Reed was individually liable for Riggert's claim. Riggert cross-appeals, arguing that the court selected an incorrect method to calculate damages and that the court misused its discretion in failing to award Riggert the full amount of his request for attorney fees.
¶3 We conclude that the circuit court erroneously exercised its discretion in allowing Riggert to amend his first amended complaint because the court did so after it decided Riggert's first motion for summary judgment resolving the claims pleaded in his first amended complaint and did not apply the legal standard that applies to a post-summary judgment motion to amend. Following Mach v. Allison , 2003 WI App 11, ¶ 2, 259 Wis. 2d 686, 656 N.W.2d 766 (2002), we reverse the court's ruling allowing Riggert to amend and remand with directions, to allow the court the opportunity to exercise its discretion while applying the correct legal standard. We retain jurisdiction over both the appeal and the cross-appeal.
BACKGROUND
¶4 The following facts are undisputed. We recite additional facts as needed in the discussion below.
¶5 Reed organized Innovologie, LLC in 2003. During the times pertinent to this lawsuit, Reed was the sole member and manager of Innovologie, he controlled all of the company's finances, and he made all of its management decisions.
¶6 Innovologie offered its employees an IRA retirement plan, referred to as the Innovologie Plan, which permitted an employee to request that Innovologie withhold a defined amount from the employee's paycheck to deposit into the employee's retirement account. The Innovologie Plan also provided that Innovologie would contribute an additional 3% of an employee's compensation to the retirement account.
¶7 Riggert worked for Innovologie between 2003 and December 2013 and participated in the Innovologie Plan during that time. Beginning around 2009, Innovologie continued to deduct contributions from Riggert's paychecks, but ceased depositing the employee and employer contributions in Riggert's retirement account.
¶8 Riggert sued Reed in December 2014, seeking to recover the value of the employee and employer deposits that had not been paid since December 2008. The December 2014 complaint alleged that Reed had committed civil theft under Wisconsin law. See WIS. STAT. § 895.446(3) (2015-16).[3] In August 2015, following a federal Department of Labor investigation, Riggert amended his complaint, repeating his state law civil theft claim and adding a breach of fiduciary duty claim under ERISA.
¶9 Riggert moved for summary judgment on the claims in his first amended complaint. In what we will refer to as its first summary judgment ruling, the circuit court dismissed Riggert's state law civil theft claim as pre-empted by ERISA, but granted summary judgment in favor of Riggert on his claim that Reed had breached his fiduciary duty under ERISA.[4] The court applied the three-year statute of limitations contained in 29 U.S.C. § 1113(2) to Riggert's breach of fiduciary duty claim and calculated Riggert's damages based on the amounts of the contributions that were not deposited after November 2011.
¶10 Riggert filed what he titled a motion for reconsideration of the first summary judgment ruling. In the motion he asserted that, although "not fully addressed in the briefing" on his first summary judgment motion, the first amended complaint had pleaded an ERISA claim for denial of benefits in addition to a claim for breach of fiduciary duty. Thus, Riggert argued, the circuit court should have applied the six-year statute of limitations that governs a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B), rather than the three-year limitations period in 29 U.S.C. § 1113(2) that applies to a breach of fiduciary duty claim. In his reply brief in support of his motion, Riggert argued that, even if the court found that he had only pleaded a breach of fiduciary duty claim, he should be allowed to amend his first amended complaint to include a claim for denial of benefits. In response to Riggert's motion, the court did not alter its first summary judgment ruling, but allowed Riggert to amend his first amended complaint and reopened the damages calculation as it might apply to any newly pleaded claims.
¶11 In his second amended complaint Riggert repeated his claims for breach of fiduciary duty under ERISA and civil theft under state law and added a separate claim alleging denial of benefits under ERISA. Both sides moved for summary judgment.
¶12 In what we refer to as its second summary judgment ruling, the circuit court entered summary judgment against Reed personally on the denial of benefits claim and applied a six-year statute of limitations. Further, the court dismissed the breach of fiduciary duty claim for lack of subject matter jurisdiction.[5] In calculating damages for the denial of benefits claim, the court looked to the amount that had not been deposited into Riggert's retirement account since November 2008 and applied the average rate of interest that the Innovologie Plan earned from November 2008 to December 2013, arriving at a damages figure of $84,494.83.
¶13 Riggert then moved for an award of $104,341.69 in attorney fees and costs under the fee-shifting provision in 29 U.S.C. § 1132(g)(1). The circuit court awarded Riggert $57,626.11 in fees and costs, for a total judgment of $142,120.94.
DISCUSSION
¶14 Reed argues that the circuit court's first summary judgment ruling disposed of all of the claims that Riggert pleaded in his first amended complaint, and that the court erred in allowing Riggert to amend his first amended complaint to plead a claim for denial of benefits after issuing that first summary judgment ruling. Reed also argues that the court erred in determining that Reed was individually liable for the denial of benefits claim in its second summary judgment ruling. Riggert cross-appeals, arguing that the court selected an incorrect method of calculating damages and that the court misused its discretion in failing to award Riggert his full request for attorney fees. We address only Reed's first argument on appeal, remand for the circuit court to exercise its discretion while applying the correct legal standard to Riggert's post-summary judgment motion to amend, and retain jurisdiction over the remainder of the appeal and the cross-appeal.
¶15 Reed challenges the circuit court's decision allowing Riggert to amend his first amended complaint to plead an ERISA denial of benefits claim. The court allowed Riggert to amend after Riggert asked to amend in his reply brief in support of what he titled his motion for reconsideration. It appears that as a result, Reed largely frames his challenge as a challenge to the court's "reconsideration" of the first summary judgment ruling. However, our review of the record indicates that the court never reconsidered its first summary judgment ruling finding Reed liable for breach of fiduciary duty and dismissing Riggert's state law claim. In fact, at the hearing on the motion for reconsideration, the court specifically stated that its initial ruling on the breach of fiduciary duty claim was correct; and at a subsequent hearing the court confirmed that it had not granted a motion for reconsideration. The upshot of the court's decision on what Riggert titled a motion for reconsideration was simply that Riggert was allowed to amend his complaint to plead a claim for denial of benefits. We accordingly interpret Reed's appeal as a challenge to the court's decision to permit Riggert to plead the claim for denial of benefits after the other claims that Riggert had pleaded had been resolved by summary judgment.[6]
¶16 The decision whether to allow a plaintiff to amend a complaint lies within the circuit court's discretion. Mach v. Allison , ¶ 20. Failure to apply the correct legal standard constitutes an erroneous exercise of discretion. Borreson v. Yunto , 2006 WI App 63, ¶ 6, 292 Wis. 2d 231, 713 N.W.2d 656.
¶17 A party may amend its pleading once as a matter of course within six months of the filing of the summons and complaint. WIS. STAT. § 802.09(1). After that period, a party may amend the pleadings only by leave of the court or by written consent of the adverse party. Id. While leave to amend should be freely given when justice so requires, id. , a higher standard is required when a party seeks leave to amend after summary judgment has been granted:
[W]hen a motion to amend a complaint is filed after a motion for summary judgment has been granted, there is no presumption in favor of allowing the amendment. Rather, the party seeking leave to amend must present a reason for granting the motion that is sufficient, when considered by the [circuit] court in the sound exercise of its discretion, to overcome the value of the finality of judgment. The reasons why the party has not acted sooner, the length of time since the filing of the original complaint, the number and nature of prior amendments, and the nature of the proposed amendment are all relevant considerations, as is the effect on the defendant. However, the absence of specific prejudice to the defendant is not a sufficient reason, in itself, for allowing amendment, because that does not give appropriate weight to the value of the finality of judgment.
Mach , 259 Wis. 2d 686, ¶ 27. Although Mach does not seem to require consideration of all of the factors listed in the quote above in every circumstance, we understand the court to be requiring something more than a simple determination that fairness would be served by permitting an amendment.
¶18 Here, the circuit court allowed Riggert to amend his first amended complaint to plead an ERISA denial of benefits claim after the court had issued its first summary judgment ruling resolving all the claims that Riggert had pleaded in his first amended complaint. However, the circuit court did not consider any of the Mach factors when allowing Riggert to amend the first amended complaint. Rather, the court considered that the ERISA provision allowing for a denial of benefits claim "may be a viable basis on which Mr. Riggert might be able to obtain his benefits" and stated that "the interest of getting it right outweighs the finality" of the first summary judgment ruling. The court reasoned that if Riggert might have a claim that would be subject to a statute of limitations longer than the three-year statute of limitations applicable to the breach of fiduciary claim, then Riggert should be permitted to present and litigate it. The court concluded that "the better thing to do is let [Riggert] file the [amended complaint]."
¶19 While such reasoning might satisfy the interests-of-justice standard for a pre-summary judgment motion to amend, something more is required after summary judgment has been granted. Id. At least as applied here, that something more is, at a minimum, the consideration of the factors listed in Mach . Those nonexclusive Mach factors are: (1) "[t]he reasons why the party has not acted sooner," (2) "the length of time since the filing of the original complaint," (3) "the number and nature of prior amendments," (4) "the nature of the proposed amendment," and (5) "the effect on the defendant," which we understand to mean whether the defendant is prejudiced by the amendment. Id. We do not opine that Mach requires consideration of all of these factors in all cases, but here the circuit court did not make a reasonable attempt to apply any of the factors. Because, in our view, each of the factors is a relevant consideration under the facts in this case, we conclude that, on remand, the court should consider all of the Mach factors and any other factors the court deems relevant.
¶20 In sum, because the circuit court failed to consider any of the Mach factors, it erroneously exercised its discretion in allowing Riggert to amend his first amended complaint. See id. ("Because the [circuit] court did not apply the standard and consider the factors relevant to an amendment after a motion for summary judgment has been granted, we conclude it erroneously exercised its discretion.").
¶21 We now address and reject Riggert's three arguments to the contrary. First, Riggert argues in a conclusory manner that the circuit court correctly determined that the Mach standard was met. However, Riggert does not argue that the court addressed any of the Mach factors, and instead merely relies on the court's conclusory assessment that "the interest of getting it right outweighs the [interest in] finality." Because Riggert does not contend that the court, in the words of Mach , "consider[ed] the factors relevant to an amendment after a motion for summary judgment has been granted," Mach , 259 Wis. 2d 686, ¶ 27, this argument is unavailing.
¶22 Second, Riggert argues that Reed forfeited his challenge to the circuit court's decision allowing Riggert to amend. However, Reed opposed granting Riggert leave to amend at least twice, in briefing and at oral argument. Accordingly, we reject Riggert's forfeiture argument.
¶23 Third, Riggert appears to argue that he did not even need permission to amend because his first amended complaint "could be construed to allege" an ERISA denial of benefits claim. We are not persuaded.
¶24 As relevant here, ERISA offers retirement plan participants two avenues by which to pursue relief: plaintiffs may bring an action for breach of fiduciary duty against a fiduciary of the plan under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), and they may bring an action for denial of benefits under 29 U.S.C. § 1132(a)(1)(B).
¶25 Riggert asserts that he had pleaded a denial of benefits claim because his first amended complaint began by asserting that the action was brought "pursuant to the Employee Retirement Income Security Act ('ERISA'), 29 U.S.C. § 1132(a)(1)(B)," and then alleged, as represented in Riggert's brief on appeal, that "due to Reed's breaches of his fiduciary duties, required deposits were never deposited into Riggert's account in accordance with the [Innovologie] Plan." However, the complaint then proceeded to set forth only one ERISA count, which specifically alleged that Reed's actions "constitute[d] a breach of his fiduciary duties in violation of ERISA" and cited seven ERISA provisions, all of which relate to a fiduciary's or trustee's obligations in managing a plan.[7] Consistent with these citations, the ERISA count contained four substantive paragraphs, none of which mentioned denial of benefits. Rather, all four paragraphs alleged that Reed violated his duty "as ... fiduciary to the Plan." Accordingly, Riggert fails to show that he had pleaded a denial of benefits claim in his first amended complaint.
¶26 Riggert suggests that his first amended complaint nevertheless alleged facts consistent with a denial of benefits claim, even if he did not expressly plead such a claim. However, even if the allegations could support a denial of benefits claim, Riggert forfeited any argument that he pleaded such a claim by expressly asserting on the record that he was not raising such a claim. See Barry v. Maple Bluff Country Club , 221 Wis. 2d 707, 714-15, 586 N.W.2d 182 (Ct. App. 1998) (ruling that the plaintiff who had represented to the circuit court that she was not making a § 1983 or an equal protection claim waived any arguments on appeal that she had pleaded such claims).
¶27 During oral argument on the first motion for summary judgment, Riggert's counsel explained to the circuit court that the citation to 29 U.S.C. § 1132(a)(1)(B) in the first amended complaint was to an "umbrella provision" for a generic cause of action under which Riggert could bring his breach of fiduciary duty claim:
THE COURT: So, [counsel], what's the difference between [ 29 U.S.C. § 1132(a)(1)(B) ] and a fiduciary claim, or is this just the vehicle by which you could assert the fiduciary claim?
[COUNSEL]: I think so. So the language you just cited, was that 1132?
THE COURT: Yes. It was 1132(a)(1)(B).
[COUNSEL]: Which I think is what creates a cause of action under the statute, a civil cause of action. It allows a civil cause of action for pretty much any violation of ERISA causing damages, so that is the sort of umbrella provision, and then you have to look at the individual provisions in ERISA that assign various obligations, duties to fiduciaries under the act. We've cited those provisions that point to different legal theories for what the violations are in this particular case.
¶28 This colloquy establishes that Riggert represented to the court, and to Reed, that 29 U.S.C. § 1132(a)(1)(B) was not an independent ground for relief but was an umbrella cause of action under which Riggert could bring his breach of fiduciary duty claim. More importantly, the colloquy unequivocally shows that Riggert was representing that he had not pleaded, or asked the court to adjudicate, a claim for denial of benefits. That Riggert was mistaken in his representation of 29 U.S.C. § 1132(a)(1)(B), which, as stated above, specifically allows a plaintiff to bring a denial of benefits claim, does not alter the fact that he told the court that his claim was only for breach of "duties to fiduciaries." Accordingly, we conclude that Riggert has forfeited any argument that he had pleaded a denial of benefits claim in his first amended complaint.
¶29 Riggert makes two additional arguments that we reject as follows. First, he asserts that he had pleaded a denial of benefits claim because in his summary judgment reply brief he "specifically characterized his claim as one for denial of benefits." However, Riggert provides no legal authority for the proposition that we should look outside the complaint to determine what claims were pleaded in the complaint. According, we do not consider this argument further. See Industrial Risk Insurers v. Am. Engineering Testing, Inc. , 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments").
¶30 Second, Riggert asserts that he had pleaded a denial of benefits claim based on Leister v. Dovetail , 546 F.3d 875 (7th Cir. 2008). However, he does not explain how that opinion supports his assertion and we reject his reliance on that case as undeveloped. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts may decline to consider arguments that are not adequately briefed). Moreover, that case is inapposite on this issue because it does not address whether a plaintiff has asserted a denial of benefits claim in addition to a breach of fiduciary claim, but rather what to do when a plaintiff has asserted both claims. Leister , 546 F.3d at 878-80.
¶31 In sum, we conclude that the circuit court erroneously exercised its discretion in allowing Riggert to amend the first amended complaint because it applied the incorrect legal standard. Accordingly, we remand for the court to exercise its discretion while applying the correct standard to Riggert's request to amend the first amended complaint to plead a claim for denial of benefits, as explained in ¶19 above. See Mach , 259 Wis. 2d 686, ¶ 29. We retain jurisdiction over both the appeal and the cross-appeal.
¶32 The circuit court may conduct whatever proceedings it deems necessary on remand. We ask the court to make every effort to complete the proceedings on remand within 90 days from the date of this opinion. If the court needs more time, the court need only file a letter requesting additional time. Following the circuit court's ruling on remand, the clerk of the circuit court shall return the record to this court. Notwithstanding WIS. STAT. § 808.075(8), this court will then order additional briefing.
CONCLUSION
¶33 For the reasons stated, we conclude that the circuit court applied the incorrect legal standard to Riggert's motion to amend the first amended complaint. Accordingly, we remand to allow the circuit court the opportunity to exercise its discretion while applying the correct legal standard for a motion to amend that occurs after a grant of summary judgment. We retain jurisdiction over the appeal and the cross-appeal.
By the Court. -Cause remanded with directions; jurisdiction retained.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the U.S. Code are to the 2012 version unless otherwise noted.

Although Reed largely frames his argument as a challenge to the circuit court's decision on a motion to reconsider, as explained below, we view his argument as a challenge to the decision to allow Riggert to amend the first amended complaint.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

On appeal, Riggert concedes that ERISA pre-empts his state law civil theft claim and does not contest the circuit court's dismissal of that claim.

Federal district courts generally have exclusive jurisdiction of all actions arising under 29 U.S.C. § 1132, which includes actions raising claims for breach of fiduciary duty. 29 U.S.C. § 1132(e)(1) ; 29 U.S.C. § 1132(a)(2). However, federal district courts and state courts have concurrent jurisdiction of actions raising denial of benefits claims under 29 U.S.C. § 1132(a)(1)(B). 29 U.S.C. § 1132(e)(1). Pertinent here, a challenge to subject matter jurisdiction may be raised at any time. See State v. Sanders , 2018 WI 51, ¶ 19, 381 Wis. 2d 522, 912 N.W.2d 16 ("defects in subject matter jurisdiction may always be asserted"); Kohler Co. v. DILHR , 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1997) (a challenge to a court's subject matter jurisdiction may be brought at any time). Nevertheless, the parties do not explain why the issue of subject matter jurisdiction over Riggert's claim of breach of fiduciary duty arose so late in the proceeding below.

As stated, the court also reopened the damages calculation as it might apply to any newly pleaded claims.

Specifically, the first amended complaint cited 29 U.S.C. §§ 1104(a)(1)(A) & (B), 1106(a)(1)(D), 1106(b)(1) & (2) (fiduciary duties), and 29 U.S.C. §§ 1103(a) & (c)(1) (relating to trustees and self-dealing).