**John W. ANTHUIS, Jr., Appellee,**

v.

**COLT INDUSTRIES OPERATING CORPORATION, Administrator of the Colt Industries Operating Corporation Severance Plan and the Colt Industries Operating Corporation Severance Plan, Appellants.**

**Donald Dale GROSCOST, Appellee,**

v.

**COLT INDUSTRIES, INC., Colt Industries Operating Corporation Severance Plan and Colt Industries Operating Corporation, as Administrator of the Colt Industries Operating Corporation Severance Plan, Appellants.**

Nos. 85–3259, 85–3260.

United States Court of Appeals, Third Circuit.

Argued Jan. 7, 1986.

Decided April 28, 1986.

William H. Powderly, III (argued), Brian C. Lucas, Reed, Smith, Shaw and McClay, Pittsburgh, Pa., for appellants.

Gregory K. Douglass (argued), Whitmire, Verlihay & Douglass, Beaver Falls, Pa., for appellee.

Before GARTH and STAPLETON, Circuit Judges, and BISSELL,* District Judge.

## OPINION OF THE COURT

GARTH, Circuit Judge.

In these consolidated cases, Colt Industries, Inc. (Colt), the Colt Industries Operating Corporation Severance Plan (Severance Plan), and Colt Industries Operating Corporation as Administrator of that Plan (Plan Administrator) appeal from a judgment awarding severance benefits and bonuses to two former executives of Colt Industries Operating Corporation (CIOC), John W. Anthuis, Jr. and Donald Dale Groscost, CIOC, formerly Crucible, Inc., is a subsidiary of Colt, and is the sponsor and Administrator of the Severance Plan.

A threshold problem on this appeal is that the proceedings below were confused to the point that we cannot adequately review the judgment. Our difficulty is compounded by the fact that the district court disposed of this case by an order unaccompanied by any explanation of its reasoning. Without reaching any conclusions on the merits of the disputes between the parties, we will therefore remand this action to the district court with instructions to ensure that an appropriate complaint is filed and served against the proper defendants, that these defendants are given an opportunity to respond to the claims against them, that a trial be held if neces-

sary, and that the reasoning underlying any eventual judgment is explained.

### I.

The Severance Plan provided "Key Executive Severance Benefits" for certain non-union salaried divisional management employees.[1] This Severance Benefit provided for a maximum severance payment of 4-1/2 months of the employee's base salary upon termination, on condition that the employee not accept another job upon termination. Sometime after March 10, 1982, the Key Executive Severance Benefit was amended to provide that eligible employees with 25 or more years of service, such as Groscost, would receive an increased maximum benefit of six months' salary instead of 4-1/2 months' salary.

On March 10, 1982, CIOC announced the impending cessation of its operations at the Midland, Pennsylvania plant where Anthuis and Groscost were employed. At this time, it made available to certain employees, including Anthuis and Groscost, a Continuance Bonus designed to provide an incentive to those employees to remain in the employ of CIOC, both because Colt hoped to sell the plant as a going concern and because in the absence of a sale it would need the services of its essential personnel to assure an orderly winding down. Eligible employees were required to enter into a written Continuance Agreement, pursuant to which they would agree to remain employees for a specified period of time. The Continuance Bonus, provided for by that Agreement, was a lump-sum amount equal to one month's base salary for each month of such extended employment until the date specified in the individual employee's Agreement.

Groscost and Anthuis were both Key Executives who entered into Continuance Agreements. Groscost's Agreement provided, in relevant part, as follows:

---

* Honorable John W. Bissell, United States District Court for the District of New Jersey, sitting by designation.

1. As we discuss in a later portion of this opinion, the Severance Plan to which the parties

refer does not appear in the Appendix or in the record of this appeal. This circumstance, together with the other difficulties we have encountered in reviewing the district court's judgment, has led to our remand.

It is agreed that should you [Groscost] voluntarily continue full employment at Crucible Stainless and Alloy Division for the Agreement Period, you shall receive your current compensation and benefits and upon July 30, 1982, should separation be necessary, you shall receive an accrued continuance bonus equal to a month's salary for each month of continued employment up to July 30, 1982 (five (5) months' accrued).

App. 73. Groscost's Agreement, signed on March 17, 1982, provided for a bonus of five months' salary for the period from March 1, 1982 to July 30, 1982. Anthuis entered into a similarly worded Agreement providing for a bonus of 10 months' salary for the period from March 1, 1982 to December 31, 1982. App. 79.

Both Groscost's and Anthuis' employment with CIOC terminated on March 31, 1983. At that time, CIOC required them to choose between receiving the amount due as a Key Executive Severance Benefit and the amount due as a Continuance Bonus. CIOC claimed that these were two alternative options under the Severance Plan. Both Anthuis and Groscost opted for and received the Continuance Bonus, which provided a larger sum than the Key Executive Severance Benefit.

Anthuis and Groscost subsequently initiated contract actions against Colt in Pennsylvania state court claiming that Colt owed each of them their Key Executive Severance Benefit, because the Continuance Bonus was not in substitution of, but was rather in addition to, the Key Executive Severance Benefit. Anthuis further demanded that Colt pay him additional Continuance Bonus monies equal to three months' salary for the three months that he continued to work after December 31, 1982, the date on which his employment was to terminate.

The parties agreed that Anthuis' and Groscost's claims were governed by ERISA, and the cases were therefore removed to federal court. Colt then moved for dismissal of the actions, arguing that it was not a proper party defendant inasmuch as the Severance Plan and the Plan Administrator were the only proper defendants. In the alternative, Colt moved for summary judgment.

Anthuis and Groscost filed cross-motions for summary judgment. In addition, Anthuis and Groscost moved to amend their complaints to delete Colt as a party-defendant and to substitute the Severance Plan and the Plan Administrator as defendants. Groscost also sought to add a claim for additional Continuance Bonus monies, analogous to the claim already filed by Anthuis in his complaint. These additional monies were the bonuses for the two months that Groscost worked between July 30, 1982, the date that his Continuance Agreement expired, and October 1, 1982, the effective date of a subsequent agreement providing for him to remain in CIOC's employ for an indefinite period at his previous salary and benefits level.

On February 28, 1985, the district court permitted Anthuis and Groscost to amend their complaints by deleting Colt as a defendant and substituting instead, as defendants, the Severance Plan and the Plan Administrator. On the same day that it granted Anthuis' and Groscost's motions to amend their complaints, the district court, without opinion, without requiring the filing and serving of amended complaints upon the newly added defendants, and without permitting the new defendants to respond to such amended complaints, granted summary judgment in favor of Anthuis and Groscost. It entered judgment, apparently against the Severance Plan and the Plan Administrator, for the full amounts claimed by Anthuis and Groscost.

## II.

As we have earlier recited, the procedural confusion in these proceedings and the lack of an opinion by the district court have contributed to our difficulty in reviewing the judgment of the district court. Accordingly, we list a number of procedural failings that must be remedied and questions that must be answered before we can meaningfully review that judgment.

## A.

The complaint in this action was filed against Colt. Colt moved to dismiss the complaint, or in the alternative for summary judgment, on the grounds that Colt was not a proper party to this action, that the Severance Plan and the Plan Administrator were the only proper parties to this action, and that, in any event, Anthuis and Groscost had already received the full amounts owed to them.

The record does not disclose that the district court ever ruled on Colt's motions. It does disclose, however, that Anthuis and Groscost agreed with Colt that the complaints should be amended in accordance with Colt's motion, and that they moved to so amend their complaints. The court, too, obviously thought that the Severance Plan and the Plan Administrator were the proper defendants, because it granted the motions to amend.

However, as we have noted, no amended complaints were ever served upon the new defendants, nor were such complaints ever filed. Indeed, the record does not disclose that any amended complaints were ever prepared. Moreover, Anthuis and Groscost, despite their motions to delete Colt as a defendant, named Colt, and Colt alone, as the party against whom they sought summary judgment. The clerk of the district court added to these difficulties by deleting Colt from the caption in *Anthuis*, but failing to do the same in *Groscost*.[2] Finally, the orders granting summary judgment simply refer to "the defendant" (singular), while the captions of those orders name the Plan Administrator and the Severance Plan itself, although the record is silent as to the basis or theory on which the liability of each defendant was predicated.

We are thus confronted with a case in which, acting on a motion against an earlier defendant who ostensibly is no longer in the case, the district court entered summary judgment against two new defendants who were never named in the complaint and who never had an opportunity to respond to the allegations raised in the affidavits of Anthuis and Groscost.[3]

In granting summary judgment against the Severance Plan and its Administrator without giving them the opportunity to respond to the claims against them, the district court may have been influenced by the request of Colt itself, which argued in its summary judgment memorandum of law that even if "this Court should rule that the Severance Plan is the only indispensible [sic] party to this action, . . . Colt, on behalf of itself, CIOC, and the Severance Plan respectfully requests that the court accept into evidence the affidavit of John L. Vensel, the administrator of the Severance Plan, and at this point in time consider Colt's motion for summary judgment." App. 48.

■■■ Nevertheless, a defendant must be given notice and an opportunity to respond before a case is disposed of on the merits against that party. *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 108–12, 89 S.Ct. 1562, 1568–70, 23 L.Ed.2d 129 (1969) (despite stipulation by subsidiary that parent and subsidiary were one company, district court erred in entering judgment against parent where parent was not a party to the suit and where trial court made no finding that parent and subsidiary were one entity); *Crown Central Petroleum Corp. v. Waldman*, 634 F.2d 127 (3d Cir.1980); *Bryson v. Brand Insulations, Inc.*, 621 F.2d

---

**2.** The district court's orders granting Anthuis' and Groscost's motions to amend their respective complaints merely state that "the plaintiff is hereby granted leave to amend its Complaint as set forth herein," without referring to submitted proposed complaints and without specifying in what manner the complaints were or would be amended. Perhaps this explains what was undoubtedly a clerical error on the part of the district court clerk. In order to determine the contents of the amendments to the complaints, we were required to turn to Anthuis' and Groscost's motions.

**3.** The Plan and the Plan Administrator claim, for example, that they will be able to adduce evidence, if given the opportunity, to show that the Severance Benefit and the Continuance Bonus were alternatives under the Severance Plan, and that Anthuis and Groscost were aware of this fact.

556 (3d Cir.1980); *see also Cowgill v. Ray-mark Industries, Inc.,* 780 F.2d 324 (3d Cir.1985). This is so even where the party in question is present in the case in some other capacity. *Cf. Bender v. Williamsport Area School District,* —— U.S ——, ——, 106 S.Ct. 1326, 1333, 89 L.Ed.2d 501 (1986) (person sued in his official capacity may not participate in court proceedings in his individual capacity).

## B.

Even if the amended complaint had been filed and served upon the Severance Plan and the Plan Administrator, and even if that complaint had specified the basis upon which relief was being sought, we would remain uncertain as to whether the parties before the district court were the parties liable for the additional Continuance Bonus amounts that were granted to Anthuis and Groscost by the district court. We also believe that these amounts could not be awarded to the plaintiffs on summary judgment on this record, inasmuch as issues of material fact remain.

Both Anthuis and Groscost claimed additional Continuance Bonus payments for months that they had worked beyond the expiration of their Continuance Agreements. Anthuis' Continuance Agreement provided that he would receive 10 months' salary as a bonus for working 10 months, through December 31, 1982. He continued to work for CIOC through March 1983, and therefore claims three extra months' salary as a bonus. Groscost's Agreement provided that he would receive five months' salary as a bonus for working through the end

of July. Like Anthuis, he continued in the employ of CIOC until the end of March, but on September 22, 1982, he entered into an agreement to remain in defendant's employ for an indefinite period and to be paid only his regular salary and benefits. Groscost claims Continuance Bonus payments for the months of August and September. The district court awarded these additional amounts to both Anthuis and Groscost.

■ First, we hold that on this record the district court erred in granting summary judgment for Anthuis and Groscost for the additional Continuance Bonus amounts. At the very least, it is clear that issues of material fact remain in dispute. Anthuis and Groscost contend that the Continuance Agreement was to extend as long as they remained in the employ of CIOC. Yet they have pointed to no evidence in support of this position. Nor do their affidavits refer to any representations or promises made by CIOC which might be construed to modify the provisions of the Continuance Agreement. Any such expanded interpretation of the Agreement is disputed by the Plan Administrator, John Vensel, in his "affidavit." [4] App. 71.

■ Second, one of the parties who might be liable for the additional Continuance Bonus amounts if these amounts were awarded to Anthuis and Groscost, namely CIOC (their employer), has never been named as a defendant in these actions. CIOC would be liable if, as seems likely to us, the Continuance Agreement was a separate contract, independent of the Severance Plan.[5] Under such a theory, it would ap-

---

**4.** We note that Vensel's statement, although referred to by the various defendants as an affidavit throughout, and although entitled "Affidavit," is not sworn, and therefore may not be relied upon to counter affidavits of Anthuis and Groscost. At oral argument, counsel for Colt necessarily conceded that Vensel's statement was not an affidavit. As noted, no opportunity was afforded the Severance Plan or the Administrator to file counter-affidavits before summary judgment was granted. We assume that, on remand, affidavits or other sworn proofs will be submitted in support of, or in opposition to, any summary judgment motions that may be made.

**5.** If however, the Continuance Bonus Agreement was part of the Severance Plan, as an alternative to the Key Executive Severance Benefit, as the defendants contend, then the Plan and the Plan Administrator alone would be liable for any additional Continuance Bonus amounts that might be awarded to Anthuis and Groscost.

The question of whether the Continuance Agreement was part of the Severance Plan or not is important not only for the purpose of determining who may be liable to respond to any judgment, but also in determining the legal standard to be applied in interpreting the Continuance Agreement. If that Agreement was a separate contract, then its interpretation is gov-

pear that CIOC, in its capacity as employer, should be joined as a defendant, so that it could advance its version of the facts and so that damages, if any, could be awarded against it.[6]

## C.

In addition to their demand for additional Continuance Bonus amounts, Anthuis and Groscost claim that they are entitled to receive Key Executive Severance Benefits amounting to four and a half months' salary and six months' salary respectively. The district court granted the amounts claimed without explanation.

Regardless of whether or not the Continuance Bonus Agreement was a part of the Severance Plan, these amounts are due, if at all, under the Severance Plan. Because the Severance Plan is an employee welfare benefit plan, it is, as we have earlier noted, covered by ERISA. Although ERISA contains no specific language requiring exhaustion of administrative remedies, "federal courts have generally not entertained such an action [as this] where the party bringing the action has failed to exhaust administrative remedies." *Wolf v. National Shopmen Pension Fund,* 728 F.2d 182, 185 (3d Cir.1984).

The Severance Plan and the Plan Administrator, who appeared on appeal before us, even though, as we have noted, no complaint named them, argued that Anthuis and Groscost had failed to exhaust their administrative remedies. Anthuis and Groscost may well have been required to exhaust the Severance Plan's internal procedure before bringing this action. Because whatever Severance Plan documents there may be have not been made a part of this record, we are unable to determine whether such internal procedures exist. Nor are we in a position to decide, in the first instance, whether the demand made by Anthuis and Groscost upon Colt for payment of the Key Executive Severance Benefit, *see* App. 146, 152, may be held to constitute compliance with whatever procedures may be in place. If exhaustion is raised as an issue on remand, that issue must also be resolved by the district court.

## III.

If the district court ultimately concludes that the plaintiffs are entitled to summary judgment on any of their claims, the district court should accompany its judgment with a statement of the reasons therefor. Of course, a district court is not required to write an opinion explaining every judgment that it renders. But in a complex case such as this one, where the pleadings and orders entered are, to say the least, confusing, and where the legal theories on which the district court relied are not apparent, both the parties and this court should be fully informed as to the bases of the district court's decision. "Al-

---

erned by Pennsylvania contract law. If, on the other hand, that agreement was a part of a Severance Plan covered by ERISA, then the district court was required to defer to the interpretation of the Plan Administrator, and his interpretation is reviewable only under an "arbitrary and capricious" standard. *See, e.g., Gaines v. Amalgamated Insurance Fund,* 753 F.2d 288, 289 (3d Cir.1985); *Wolf v. National Shopmen Pension Fund,* 728 F.2d 182, 187 (3d Cir.1984). Under Part 4 of Title I of ERISA, 29 U.S.C. 1101 *et seq.,* however, the Plan Administrator is under a fiduciary obligation to inform the beneficiaries of the effect of any agreement that the Administrator enters into with the beneficiaries if such agreement leads to the forfeiture of Plan benefits.

If the Continuance Bonus Agreement was indeed a separate contract, then the Continuance Bonus payments could be viewed as a form of compensation, not a severance benefit. Whereas severance payment plans are employee welfare benefit plans covered by ERISA, an agreement to provide special compensation would not be covered by ERISA. *See* 29 U.S.C. 1002; 29 C.F.R. 2510.3–1(a)–(b).

6. In *Bender v. Williamsport,* —— U.S. ——, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), a case decided on a jurisdictional lack of standing, the Supreme Court, in dismissing the appeal, discussed the failure of a record to disclose facts and the failure to disclose a basis upon which standing could be predicated. While not strictly analogous to the situation here, the *Bender* opinion emphasizes, as we do, the need for a firm procedural and pleading foundation on which to base substantive claims against parties who may be liable to the complainants.

though the district court is not required to make findings in deciding a motion of the type here involved, we do think that where, as here, the district court is presented with conflicting positions of substance, ... it is a salutary practice to give the litigants, either orally or in writing, at least a minimum articulation of the reasons for its decision." *Interpace Corporation v. City of Philadelphia,* 438 F.2d 401, 404 (3d Cir. 1971); *see also Shlensky v. Dorsey,* 574 F.2d 131, 148 (3d Cir.1978); *Roberts v. Ross,* 344 F.2d 747 (3d Cir.1965). The need for an explanation is all the greater in this case because we have been informed that at least five other cases based on the same factual situation, and presenting the same or similar legal issues, have been held in abeyance pending the outcome of this appeal.[7]

■ Due to the present condition of the record, which we have discussed at length in the foregoing opinion, we cannot resolve this appeal on the merits. In our view, the district court should require the plaintiffs to file an amended complaint naming the parties against whom relief may properly be sought. After appropriate development of the record, either motion proceedings or trial should follow. However the district court resolves the issues, an opinion explaining its reasoning should be filed.

### IV.

We will vacate the judgment of the district court and remand for proceedings consistent with the foregoing opinion.

**7.** *See William R. Frank v. Colt Industries Inc.,* No. 83–2510 (W.D.Pa.); *Paul K. Schake v. Colt Industries Inc.,* No. 83–2511 (W.D.Pa.); *Jesse V. Presutti v. Colt Industries Inc.,* No. 84–133 (W.D. Pa.); *William G. Beatty v. Colt Industries Inc.,* No. 84–471 (W.D.Pa.); *Paul M. Smilek v. Colt Industries Inc.,* No. 85–1128 (W.D.Pa.).