In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 07-2242, 07-3615, 07-3671

SANDRA C. LEISTER,

*Plaintiff-Appellee, Cross-Appellant,*

*v.*

DOVETAIL, INC., MICHELLE PETERSON, and
    EVAN PETERSON,

*Defendants-Appellants, Cross-Appellees.*

Appeals from the United States District Court
for the Central District of Illinois.
No. 05-2115—**Harold A. Baker**, *Judge.*

ARGUED MAY 7, 2008—DECIDED OCTOBER 23, 2008

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, Sandra Leister, and the Petersons (the individual defendants) were employed by a company that sells "employee assistance programs" to employers; the programs provide counseling for troubled employees. In 1997 the Petersons bought some of their employer's employee-assistance-program contracts and created the corporate defendant, Dovetail, of which the Petersons are the sole owners and

officers. They hired Leister, a psychologist, to work for Dovetail, and the terms of employment included Dovetail's agreeing to deposit a specified portion of her salary in a 401(k) retirement account and to match a specified portion of these elective deferrals of compensation with its own contributions. The defendants complied with the agreement only for the first year of Leister's employment. After that they diverted corporate receipts that should have been contributed to her 401(k) account to their own pockets. They also failed, despite her repeated requests, to provide her with copies of the documents that defined her rights with regard to the retirement account.

In 2005 she sued Dovetail and the Petersons to recover the contributions that the defendants were obligated to make to her 401(k) account and to obtain statutory penalties for their failure to give her copies of the plan documents. She based the suit on various provisions of ERISA, the federal pension law. The district judge, after a bench trial, awarded her $82,741 for the defendants' failure to make the required deposits in her 401(k) account—a failure that the judge deemed a willful breach of the defendants' fiduciary duties, 29 U.S.C. § 1104—but refused, because of their precarious financial condition, to award her any statutory penalty for their failure to give her copies of the retirement-plan documents. At $110 a day, the maximum statutory penalty, 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1, Leister would be entitled to receive at least $200,000 in statutory penalties and maybe much more, because while the defendants have finally given her some of the plan documents they

have not given her all of them. Her cross-appeal seeks an award of statutory penalties but does not specify an amount.

Dovetail was the plan's sponsor; the Petersons were, as mentioned, owners and officers of Dovetail; and Mrs. Peterson was the plan's administrator. The judge treated the defendants as a singularity by awarding relief against all three of them jointly and severally, since co-fiduciary liability is joint and several under ERISA. 29 U.S.C. § 1105(a); *La Scala v. Scrufari*, 479 F.3d 213, 220 (2d Cir. 2007); *In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1023 (2d Cir. 1992); *Donovan v. Robbins*, 752 F.2d 1170 (7th Cir. 1985) (concurring opinion); cf. *Mertens v. Hewitt Associates*, 508 U.S. 248, 262-63 (1993).

The defendants' principal argument, mysteriously not mentioned by the district judge although they had made it to him, is that the claim for the contributions that the plan failed to make to Leister's 401(k) account is barred by the applicable statute of limitations.

Two statutes of limitations apply to suits under ERISA. One, 29 U.S.C. § 1113, provides that a plaintiff complaining about "a fiduciary's breach of any responsibility, duty, or obligation under" sections 1101 to 1114 has the shorter of six years from the date of the breach to file suit or (with an immaterial exception) three years "after the earliest date on which the plaintiff had actual knowledge of the breach." The other statute of limitations is borrowed from the most analogous state statute of limitations and is applicable, so far as bears on this case, to suits "to recover benefits due to [the plaintiff] under the terms of his

plan." 29 U.S.C. § 1132(a)(1)(B). If this is the governing provision, the borrowed statute of limitations would be Illinois's 10-year statute of limitations for breach of a written contract. 735 ILCS 5/13-206.

Although the judge based his grant of relief on the defendants' having violated their fiduciary duties, Leister also claims to be entitled to relief under section 1132(a)(1)(B). She may need that alternative ground because she may need the longer statute of limitations applicable to it, as we shall see. In addition (as she seems not to realize, however) her cross-appeal, which seeks the tax benefits that she would have realized had the defendants made the contributions to her 401(k) account that the plan required, can succeed only if she is entitled to obtain lost benefits. The relief the judge ordered was pursuant to 29 U.S.C. § 1132(a)(2) and required the defendants to make restitution of their gain from the breach of fiduciary duty, see § 1109, and that gain did not include the tax benefits that Leister would have obtained. She can recover them only under section 1132(a)(1)(B), as part of the benefits that the ERISA plan entitled her to.

But there are obstacles to her claim to benefits that she must overcome. To begin with, an ERISA plan can be established only by a writing, 29 U.S.C. § 1102(a)(1); *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83-84 (1995); *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872-73 (7th Cir. 2001), and anyway the 10-year borrowed Illinois statute of limitations is applicable only to suits on *written* contracts. The only writing in this case is a "Plan Adoption

Agreement" made between Dovetail and a third-party provider of the 401(k) program, a bank that handled various financial details of the plan. The agreement, however, specifies the benefits, including the elective deferrals, to which participants are entitled. There is enough detail to satisfy the requirement that an ERISA plan be in writing. See *Lumpkin v. Envirodyne Industries, Inc.*, 933 F.2d 449, 465-66 (7th Cir. 1991); *Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 252 (7th Cir. 1983); *Williams v. Wright*, 927 F.2d 1540, 1548 (11th Cir. 1991).

Another potential obstacle to the benefits claim is that the complaint does not name the plan itself, as distinct from Dovetail and the Petersons, as a defendant. Several cases say that only the plan (or what is the equivalent, the plan administrator named only in his or her official capacity, which wasn't done either) can be named as a defendant in a suit for benefits. E.g., *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996); *Graden v. Conexant Systems Inc.*, 496 F.3d 291, 301 (3d Cir. 2007); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985). Other courts think it enough if whoever controls the administration of the plan is named as defendant. E.g., *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998); *Garren v. John Hancock Mutual Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). But there is less to the difference than meets the eye.

The cases in the first group rely on the language of 29 U.S.C. § 1132(d): "an employee benefit plan may sue

or be sued under this title as an entity," and "any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter." The first clause just allows plans to sue or be sued, and the second clause just specifies consequences *if* the plan is sued; neither seems to be limiting the class of defendants who may be sued. The benefits are an obligation of the plan, so the plan is the logical and normally the only proper defendant. But in cases such as this, in which the plan has never been unambiguously identified as a distinct entity, we have permitted the plaintiff to name as defendant whatever entity or entities, individual or corporate, control the plan, *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997), thus bridging the two groups of cases. In the present case, involving as it does a small new company of conspicuous informality with no designated plan entity, the company itself and its two principals were appropriate defendants to name in a suit to recover plan benefits.

Leister argues that Illinois's 10-year statute of limitations for breach of a written contract applies because all that she is suing for are the benefits that the plan entitled her to—the amount that should have been in her 401(k) account. Actually, there are also the statutory penalties that she is suing to obtain, but as to them no statute of limitations defense is pleaded, though it could have been. See *Stone v. Travelers Corp.*, 58 F.3d 434, 439 (9th Cir. 1995); *Groves v. Modified Retirement Plan for Hourly*

*Paid Employees of Johns Manville Corp. & Subsidiaries*, 803 F.2d 109, 117 (3d Cir. 1986); George Lee Flint, Jr., "ERISA: Fumbling the Limitations Period," 84 *Neb. L. Rev.* 313, 319-20 (2005). And remember that she seeks relief not only under the benefits provision but also for the defendants' violation of 29 U.S.C. § 1104, which requires an ERISA fiduciary to act in the sole interest of the plan's participants and beneficiaries. As the district judge found, the defendants failed to do this when they lined their pockets with money that the plan required to be placed in Leister's 401(k) account.

The statute of limitations applicable to a claim under section 1104 is, as we know, section 1113, and Leister discovered the initial breach of the defendants' fiduciary obligations in 1999, more than six years before she sued. It is true that there is no indication that she learned then that the defendants would *never* comply with the terms specified in the Adoption Agreement—that they had repudiated the agreement. Had she learned it then, claims for every subsequent failure to match would be barred by the three-year statute of limitations, e.g., *Lewis v. City of Chicago*, 528 F.3d 488, 492-93 (7th Cir. 2008); *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 66-67 (7th Cir. 1996); *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 521-23 (3d Cir. 2007), whereas if every default was pursuant to a fresh decision by the defendants not to comply with the agreement each such decision would be a fresh breach. *Webb v. Indiana National Bank*, 931 F.2d 434, 437 (7th Cir. 1991); *Palmer v. Board of Education of Community Unit School District 201-U*, 46 F.3d 682, 685-86 (7th Cir. 1995); cf. *Bay Area Laundry & Dry Cleaning Pension*

*Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 206 (1997); compare *Impro Products, Inc. v. Block*, 722 F.2d 845, 850 n. 9 (D.C. Cir. 1983).

Concerned lest the three-year statute of limitations defeat her claim of breach of fiduciary duty, Leister argues that the defendants lulled her into delaying her suit by promising to work things out. If so (the judge made no finding), the doctrine of equitable estoppel (if applicable to section 1113—an open question in this circuit, *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 875-76 (7th Cir. 1997); *Wolin v. Smith Barney Inc.*, 83 F.3d 847, 850, 853-56 (7th Cir. 1996); cf. *Librizzi v. Children's Memorial Medical Center*, 134 F.3d 1302, 1307 (7th Cir. 1998), though closed against its applicability in the D.C. Circuit, *Larson v. Northrop Corp.*, 21 F.3d 1164, 1171-72 (D.C. Cir. 1994)) would allow her to delay suing until the fog lifted. *Teamsters & Employers Welfare Trust v. Gorman Brothers Ready Mix*, 283 F.3d 877, 881-82 (7th Cir. 2002); *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1071 (7th Cir. 1978); *McAllister v. FDIC*, 87 F.3d 762, 767 (5th Cir. 1996).

All this turns out to be of no moment, however, because the relief that Leister is seeking under 29 U.S.C. § 1132(a)(1)(B), a provision governed as we know by the 10-year borrowed statute of limitations, exceeds what she is seeking under section 1104. *United States v. Whited*, 246 U.S. 552, 563-64 (1918). And she is entitled to relief under that statute as well as under section 1104. There was enough of a writing to satisfy both ERISA and the Illinois statute of limitations. Contributions to a plan and benefits owed by a plan are not necessarily equivalent, and section

1132(a)(1)(B) authorizes suit only for benefits. But the benefits to which Leister was entitled were the assets that would have been in her 401(k) account had the defendants complied with their fiduciary duties.

Those assets include not only the unpaid contributions but also a reasonable estimate of how those contributions, had they been made, would have grown by being invested responsibly in accordance with the terms of the retirement plan. 29 U.S.C. § 1002(34); *LaRue v. DeWolff, Boberg & Associates*, 128 S. Ct. 1020, 1022 n. 1 (2008); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 807 (7th Cir. 2007); *Graden v. Conexant Systems Inc., supra*, 496 F.3d at 296-97. So *Clair v. Harris Trust & Savings Bank*, 190 F.3d 495, 497 (7th Cir. 1999), where we held that the plaintiff was not entitled to interest on benefits paid late because the plan did not provide for such interest, is not on point.

But the valuation by Leister's expert witness of the benefits that the 401(k) account would have yielded was erroneous, though accepted by the district judge. It was based not on the average performance of the investment vehicles in which the contributions might have been placed but on the performance of the best of those vehicles, as improperly determined ex post. There was money in Leister's 401(k) account, and assuming that if there had been more in it she would have continued to allocate her investments as she had in the past, the return on the existing investment would have been the appropriate benchmark. Nancy G. Ross and Steven W. Kasten, "Calculating Damages in 401(k) Litigation Over Company Stock," 19 *Benefits L.J.* 61, 64 (2006). Instead the witness

estimated a rate of return by looking back at what the most profitable allocation would have been. Although *Donovan v. Bierwirth*, 754 F.2d 1049, 1056 (2d Cir. 1985), echoed in many cases, says that "where several alternative investment strategies were equally plausible, the court should presume that the funds would have been used in the most profitable of these," that is incorrect if under-stood (as it should not be) to mean that at the time of suit the court should look back and decide which of those investment strategies has proved most profitable. Such a methodology would yield a windfall, given the uncertainty of investments. Cathy M. Niden, "Economic Analysis in ERISA Class Actions Involving Employee Investments in Company Stock," 44 *Benefits & Compensation Digest* 4 (2007), www.ifebp.org/pdf/webexclusive/07apr.pdf (visited Aug. 28, 2008). The defendants, however, don't complain about the witness's valuation method, and at the oral argument their lawyer stated flatly that he had no problem with it. So the issue is waived.

Leister argues in her cross-appeal that the tax benefits from investing in a 401(k) plan should be considered in deciding what value the unpaid contributions would have had if they had been paid as they should have been. They would not have been taxable until they were withdrawn from the 401(k) account in the form of benefits, and as a result would have grown faster because they would be growing at a tax-free compound interest rate. This tax benefit should have been included in calculating the value the account would have attained had the defend-ants complied with their fiduciary duties, but of course minus the cost of the future tax liability discounted to

present value. *Buche v. Buche*, 423 N.W.2d 488, 492 (Neb. 1988); *Corliss v. Corliss*, 320 N.W.2d 219, 221 (Wis. App. 1982); see generally John H. Langbein et al., *Pension and Employee Benefit Law* 229-32 (4th ed. 2006). (A further complication, however, that should be taken into account is that the deferred future tax may tax phantom gains due to inflation, offsetting some or perhaps all of the benefit of deferral.) So the case must be remanded for a recalculation of the benefits due.

The defendants had also promised to pay Leister, when she was employed by Dovetail, certain sales commissions that it failed to pay her. That sounds like a straightforward breach of contract claim under Illinois's common law of contracts (or possibly a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115, for failure to pay accrued wages owed to an employee), and Leister did include it in her complaint as a supplemental claim, 28 U.S.C. § 1367, to her ERISA claim. But she also tried to shoehorn it into ERISA by alleging that had she received the commissions she would have deposited them in her 401(k) account; and the district court accepted the argument. That was a mistake. ERISA does not require an employer to pay an employee the wage they have agreed on, whatever the employee might decide to do with the money; regular compensation is not an ERISA benefit. 29 C.F.R. § 2510.3-1(b)(1); *Massachusetts v. Morash*, 490 U.S. 107, 115-19 (1989); *Stern v. IBM*, 326 F.3d 1367, 1372-73 (11th Cir. 2003); *Anthuis v. Colt Industries Operating Corp.*, 789 F.2d 207, 213 n. 5 (3d Cir. 1986).

But since the claim for unpaid commissions was also pleaded as a supplemental state-law claim, the district

judge will have to consider its merits. When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); cf. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). The presumption is reversed when as in this case the federal claim is decided on the basis of a trial. *Brazinski v. Amoco Petroleum Additives Co.*, *supra*, 6 F.3d at 1182; *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994); see also *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722, 731-32 (7th Cir. 2001); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284-85 (3d Cir. 1993). Ordinarily in a case in which the reverse presumption is invoked, the trial will have led to the dismissal of the federal claim, and here it did not; and while a district judge can decline to exercise supplemental jurisdiction even though the federal claim has not been dismissed, see 28 U.S.C. §§ 1367(c)(1), (3), (4), that is rarely done and we cannot think of any reason why it should be done in this case.

For guidance to the district judge's determination on remand of Leister's claim under Illinois law for unpaid commissions, we note the following points:

Leister will not be entitled to recover damages for the tax benefits that she would have received had she deposited the commissions in her 401(k) account. "Generally, where there is delay in the making of stipulated payments, the

only recoverable damage accruing to the payee is interest at legal or contractual rate for the time of delay." *Green Briar Drainage District v. Clark*, 292 Fed. 828, 831 (7th Cir. 1923); see *Siegel v. Western Union Telegraph Co.*, 37 N.E.2d 868, 871 (Ill. App. 1941); *Meinrath v. Singer Co.*, 87 F.R.D. 422, 425-27 (S.D.N.Y. 1980); 25 *Williston on Contracts* § 66.96 (Richard A. Lord ed., 4th ed. 2004). As explained in *Siegel v. Western Union Telegraph Co.*, *supra*, 37 N.E.2d at 871, this rule is an application of the doctrine of *Hadley v. Baxendale*, 9 Ex. 341, 156 Eng. Rep. 145 (1854), which bars the recovery of consequential damages in a suit for breach of contract unless the defendant was on notice of what the consequences of a breach would be and agreed to compensate the plaintiff for them if there was a breach. See *Equity Ins. Managers of Illinois, LLC v. McNichols*, 755 N.E.2d 75, 80-81 (Ill. App. 2001); *Mohr v. Dix Mutual County Fire Ins. Co.*, 493 N.E.2d 638, 643-44 (Ill. App. 1986); cf. *Evra Corp. v. Swiss Bank Corp.*, 673 F.2d 951, 955-57 (7th Cir. 1982). There is no indication that the defendants knew what Leister's tax bracket was or knew any other details of her financial situation that would have affected the size of the tax benefits that she would have obtained from the inclusion of the commissions in her 401(k) plan rather than in currently taxable income. So she is entitled just to the commissions, possibly enhanced by prejudgment interest, depending on the application of a rather complex body of Illinois law, on which see *Perlman v. Zell*, 185 F.3d 850, 857 (7th Cir. 1999), and *Needham v. White Laboratories, Inc.*, 847 F.2d 355, 361-62 (7th Cir. 1988).

The statute of limitations governing the claim for commissions is different from the one applicable to the ERISA claim. There was never a written agreement to pay the sales commissions, and the applicable limitations period under Illinois law both for breaches of unwritten contracts and for violations of the Wage Payment and Collection Act (which creates, as we noted, a remedy for breach of a contract for wages that have been earned and are due and owing) is five years. 735 ILCS 5/13-205; Gregory K. McGillivary, *Wage and Hour Laws: A State-by-State Survey* 599 (2004). So any commissions that were due her before May 2001 (five years prior to the date the complaint was filed) are time-barred unless the limitations period is tolled.

We add that another Illinois statute, the Attorneys Fees in Wage Actions Act, entitles the plaintiff who prevails in a suit under the wage-payment statute to an award of attorneys' fees, provided a demand for the earned but unpaid compensation was made at least three days before filing suit and does not exceed the damages ultimately awarded for the breach of the wage contract. 705 ILCS 225/1; *Anderson v. First American Group of Cos.*, 818 N.E.2d 743, 751-52 (Ill. App. 2004); *Caruso v. Board of Trustees*, 473 N.E.2d 417, 420 (Ill. App. 1984).

Leister also complains about the district judge's declining to award her any statutory penalties. The aim of penalties, whatever form they take (fines, punitive damages, or, as in this case, statutory penalties), is to deter; and the poorer the defendant, the lower the penalty can be set and still deter wrongdoers in the

same financial stratum. *Kemezy v. Peters*, 79 F.3d 33, 35-36 (7th Cir. 1996); *Zazu Designs v. L'Oreal S.A.*, 979 F.2d 499, 507-08 (7th Cir. 1992). Picking the right penalty in light of such considerations, like picking a federal criminal sentence within a statutory range, inescapably involves judgment, and so judicial review of the trial judge's determination is light, as noted with specific reference to the statutory penalties for failing to furnish ERISA plan documents to a requesting plan participant or beneficiary in *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 338 (7th Cir. 2004); see also *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1068 (6th Cir. 1994); *Rodriguez-Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 588 (1st Cir. 1993). But given the willful character of the defendants' breach—a breach that they have tried to leverage into a statute of limitations defense because the unavailability of the documents delayed Leister's ascertaining her rights—and the fact that none of the defendants is in bankruptcy (Dovetail continues in business), the award of zero penalties was unreasonable.

It is true that "many courts have refused to impose any penalty at all under § 1132(c)(1)(B) in the absence of a showing of prejudice or bad faith." *Bartling v. Fruehauf Corp.*, *supra*, 29 F.3d at 1068-69; see also *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1270-71 (11th Cir. 2008); *McGowan v. NJR Service Corp.*, 423 F.3d 241, 250 (3d Cir. 2005); *Rodriguez-Abreu v. Chase Manhattan Bank, N.A.*, *supra*, 986 F.2d at 588-89. But in this case there was both prejudice and bad faith. See *Lowe v. McGraw-Hill Cos.*, *supra*, 361 F.3d at 338; *Ames v. American National Can Co.*, 170 F.3d 751, 760 (7th Cir. 1999). The failure to award penalties was, in the

circumstances, an abuse of discretion. *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1494-95 (11th Cir. 1993).

The judgment is affirmed except for the district judge's determinations with respect to tax benefits, sales commissions, and statutory penalties; as to those matters the case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED.