NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010[*]
Decided June 16, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1181

| | |
|---|---|
| FREDDIE C. BATCHELOR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 1658 |
| SHAUN DONOVAN, | |
| Secretary of Housing and Urban | Matthew F. Kennelly, |
| Development, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Freddie Batchelor, an African-American woman, sued her former employer, the United States Department of Housing and Urban Development ("HUD"), claiming sex and race discrimination and retaliation in violation of Title VII. *See* 42 U.S.C. §§ 2000e-16(a), 2000e-3(a). The district court granted HUD's motion for summary judgment on the ground

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

that Batchelor had filed her lawsuit past the expiration of the statute of limitations. Batchelor appeals, and we affirm the judgment.

The allegedly discriminatory acts giving rise to Batchelor's claims date back to 2004, and she filed a charge with HUD's Equal Employment Opportunity ("EEO") division in March of that year. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.106. The agency issued a final decision in January 2006 concluding that the charge lacked merit, but Batchelor had since retired and moved and did not receive it. After retaining counsel, however, she finally obtained a copy in September 2007; she and her lawyer parted ways, and she filed this lawsuit pro se in March 2008.

HUD moved for summary judgment on untimeliness grounds because Batchelor had not filed her lawsuit within 90 days of receiving notice of final action by the agency. *See* 42 U.S.C. § 2000e-16(c). In response Batchelor asserted that the 90-day deadline should be tolled because HUD had engaged in "prolonged settlement negotiations" with her through December 2007. The district court concluded, however, that, even if Batchelor's version of events were taken as true, she had not demonstrated that HUD induced her to allow the filing deadline to pass and there was thus no basis to toll the deadline.

We review de novo the district court's grant of summary judgment. *See Scruggs v. Garst Seed Co.*, 587 F.3d 832, 838 (7th Cir. 2009). A federal employee who wishes to sue under Title VII must file her lawsuit within 90 days of receiving notice of final agency action on her claims. 42 U.S.C. § 2000e-16(c). Although Batchelor now tells us otherwise, it was undisputed at summary judgment that her former attorney obtained HUD's EEO decision in August 2007 and that Batchelor personally received a copy the following month. Thus, even under the most generous reading of the timeline, Batchelor was required to bring her lawsuit at some point in December 2007.

On appeal Batchelor renews her argument that her late filing should have been excused because she was engaged in settlement discussions with HUD until December 2007. Relief from a filing deadline on account of the defendant's actions, however, is generally permitted only when the defendant has tricked or otherwise induced the plaintiff into allowing the deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1994). For example, a defendant's promise to settle may estop her from later raising a statute-of-limitations defense, *see Leister v. Dovetail, Inc.*, 546 F.3d 875, 880 (7th Cir. 2008); *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1071 (7th Cir. 1978), but merely engaging in settlement talks will not, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997); *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1061 (Fed. Cir. 1995); *Raziano v. United States*, 999 F.2d 1539, 1541-42 (11th Cir. 1993).

The evidence at summary judgment fell far short of establishing that HUD had induced Batchelor to permit the filing deadline to escape her. Indeed, there was no evidence that HUD engaged in "settlement negotiations" with Batchelor at all. It was undisputed that Batchelor's former attorney contacted HUD in August 2007 with a settlement offer of $175,000 but that the agency responded with a letter stating that "there was no pending matter to settle." Batchelor submitted an affidavit (consisting only of hearsay) that her lawyer later spoke to two HUD employees about her case. The first employee, she said, told her attorney that the agency was "having difficulty in addressing" her claims because she had testified against HUD in an unrelated case; the second, she said, called her attorney in December 2007 to say that the agency would not discuss settlement at that time but might in the future. Although Batchelor may have held out hope that a settlement would eventually materialize, these minimal communications with HUD did not give her reason to let the 90-day filing deadline slip by.

Accordingly, we AFFIRM the judgment of the district court.