**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 23, 2020[*]
Decided July 24, 2020

*Before*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 19-2905 & 19-2906

| | |
|---|---|
| W.A. GRIFFIN, <br>     *Plaintiff-Appellant*, | Appeals from the United States District Court for Northern District of Illinois, Eastern Division. |
| *v.* | Nos. 18 CV 1772 & 18 CV 8297 |
| TEAMCARE, a Central States Health Plan, and TRUSTEES OF THE CENTRAL STATES, Southeast and Southwest Areas Health and Welfare Fund, <br>     *Defendants-Appellees*. | Robert W. Gettleman, <br> *Judge*. |

---

[*] These appeals were originally set for argument, but we vacated the original date at the appellant's request. Although that order contemplated oral argument at a later date, we have decided that the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

In these consolidated appeals, W.A. Griffin challenges the amount of the penalty that the district court assessed against the defendants in two suits she filed under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (c)(1). Finding no abuse of discretion in the district court's determination, we affirm.

Griffin, a medical doctor, treated three patients insured by TeamCare's health plan and submitted claims for payment. TeamCare paid out less than she billed, so she appealed the benefits determinations and requested documents related to the plan's administration: the plan description, any documents showing how the plan calculated the "Usual, Customary and Reasonable" rate that determined her reimbursement, and an agreement between TeamCare and its out-of-network claims processor. When asked by a plan participant or beneficiary, a plan must provide documents within 30 days. *See* 29 U.S.C. §§ 1024(b)(4), 1132(c). But TeamCare did not send Griffin the plan description until 187 days after her first request; it sent her information about its "methodology for determining reasonable and customary allowances" after 716 days (Griffin disputes that this information was complete); and the claims-processor agreement after 743 days.

In the meantime, Griffin sued TeamCare for violating ERISA with respect to one of the three patients by underpaying her claim and failing to provide the documents she requested in a timely manner. The district judge dismissed Griffin's complaint, concluding that she did not state a claim for underpayment because she had not identified a plan provision under which benefits were due, and she was not a plan beneficiary with standing to recover the ERISA penalties for failure to supply documents. We vacated the dismissal, however, because Griffin did not need to cite a plan provision at the complaint stage, and she had standing to seek penalties because her patient had assigned their ERISA rights to her. *Griffin v. TeamCare*, 909 F.3d 842, 845–47 (7th Cir. 2018). After that decision, Griffin filed a second lawsuit that raised the same claims against TeamCare's administrators with respect to two other patients. That suit was reassigned to the judge presiding over Griffin's first case.

The parties settled all claims except for those related to TeamCare's delayed response to Griffin's document requests. In the settlement, Griffin received the full amounts she had billed the plan for her services to the three patients, with interest, plus costs. Addressing the remaining claim, the district court concluded that TeamCare was

statutorily obligated to provide all the documents Griffin had requested and entered summary judgment for her in both cases.

For the failure to produce documents, the district court assessed a penalty against TeamCare under 29 U.S.C. § 1132(c)(1)—five dollars per day, running from the 31st day after Griffin's first request until the day that the company provided the claims-processor agreement, a total of 711 days for a sum of $3,555. The court explained that the most important consideration in levying a penalty was to incentivize TeamCare to comply with ERISA's document-production rules; also relevant were the "length and reasons for the delay," evidence of bad faith, and prejudice. The length of the delay ("significant") and the company's poor explanation for it ("occasional glitches" and its belief that production of some documents was not required—even after this court ruled that it was) counted against TeamCare. Nonetheless, Griffin lacked evidence that the company acted in bad faith, or that the delay prejudiced her: her bargaining position was not hampered because she ultimately received through settlement the full amounts she had billed the plan. Therefore, the court determined that a five-dollar-per-day penalty was sufficient to ensure that TeamCare would comply with its obligations in the future. Noting that the parties had made no arguments about whether separate penalties should be imposed for each of Griffin's requests, the court imposed only the single penalty.

Griffin appealed in both cases, challenging the amount of the penalty; we consolidated the appeals for briefing and disposition. She argues that the court should have assessed the maximum statutory penalty ($110 per day, 29 C.F.R. § 2575.502c-1) because the amount awarded is insufficient to incentivize TeamCare to provide plan documents in the future. We review the amount of the penalty for abuse of discretion. *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 338 (7th Cir. 2004).

We see no error in the district court's evaluation. Fines are not mandatory for § 1024 violations, and courts may impose any penalty that will deter noncompliance with ERISA's disclosure requirements. *See Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 806 (7th Cir. 2009); *Ames v. Am. Nat'l Can Co.*, 170 F.3d 751, 759–60 (7th Cir. 1999). In selecting the penalty, the court here considered the relevant factors, including the length of the delay, potential prejudice to Griffin, and the lack of evidence of bad faith. *See, e.g.*, *Mondry*, 557 F.3d at 806 (recognizing prejudice as relevant factor); *Krueger Int'l, Inc. v. Blank*, 225 F.3d 806, 811 (7th Cir. 2000) (affirming penalty based on unexplained delay); *Ames*, 170 F.3d at 759–60 (affirming penalty denial based on good faith).

Further, the reasons Griffin cites on appeal to support a higher penalty do not overcome the district court's broad discretion to fashion an appropriate penalty. *See Lowe*, 361 F.3d at 338. Griffin first contends that the court had to assess a separate penalty for each document request to which TeamCare failed to respond within 30 days. She did not raise this argument in the district court and therefore waived it. *Dorris v. Unum Life Ins. Co. of Am.*, 949 F.3d 297, 306 (7th Cir. 2020). In any event, although she is correct that each delayed response can establish a separate violation under 29 U.S.C. § 1132(c)(1), the court was not obligated to assess a separate penalty for every violation. *See Ziaee v. Vest*, 916 F.2d 1204, 1210–11 (7th Cir. 1990). Griffin does not explain why it was unreasonable to levy a single penalty for what even Griffin seems to treat as a single course of conduct.

Griffin next suggests that the per-day penalty should be extended to the present because TeamCare never provided her with sufficient information to demonstrate the way it (through an outside firm) calculated her claim reimbursements. The "generic" table she received, she contends, is "essentially garbage" because it does not reveal how the usual, customary, and reasonable charges were calculated for the services she provided. Because Griffin raises this issue only as part of her argument that the penalty is too low, we do not consider whether the district court properly concluded (at least implicitly) that TeamCare fully complied with the document request. But even if Griffin did not receive complete information, she had no need for it after she was made whole with the settlement; she was paid what she billed, irrespective of the usual, customary, and reasonable charge the plan had calculated. The court imposed a penalty for each day of delay up to the settlement. Griffin does not persuasively argue why any failure to provide more information after that date is grounds for increasing the penalty—for example, that it prejudiced her or shows that TeamCare acted in bad faith. *See Lowe*, 361 F.3d 338–39 (upholding penalty where "reasonably clear that correcting [an] error would not lead to a different decision").

Finally, Griffin challenges the district court's conclusions that TeamCare did not act in bad faith and that she was not prejudiced by the delay. She argues that because TeamCare never provided her with a usable fee schedule, and because it is a repeat offender (having delayed providing her with documents at least three times), she demonstrated bad faith. Furthermore, she argues, she was prejudiced because she could not adequately appeal the underpayment without the documents, and her small medical practice suffered financially while she awaited compliance.

We see no abuse of discretion in the court's decision to give those factors little weight when calculating the penalty. Griffin bore the burden at summary judgment to point to evidence supporting her arguments that TeamCare acted in bad faith and that she was prejudiced by the delay. *See Beardsall v. CVS Pharmacy*, 953 F.3d 969, 973 (7th Cir. 2020). However, nothing she introduced in the district court demonstrated that TeamCare willfully denied the documents or that her business was harmed by the delay in obtaining complete reimbursements. *Cf. Leister v. Dovetail, Inc.*, 546 F.3d 875, 883–84 (7th Cir. 2008) (court abused discretion in imposing zero-dollar penalty where judge found that defendant willfully breached ERISA fiduciary duties to prevent plaintiff from suing within statute of limitations).

As with any discretionary assessment, a different judge might have chosen to impose a more—or less—severe penalty. But the district court here reviewed the evidence, considered the relevant factors, and arrived at a reasonable figure, so its award does not amount to an abuse of discretion.

AFFIRMED